HENRY SUTER and Others v. EDWARD S. PAGE and Others.[1]

May 19, 1896.

Nos. 10,049—(176).

**Witness—Party to the Record—Cross-Examination.**

Only two of the defendants answered in this case, and, on the trial of the issue between them and the plaintiffs, the latter called for cross-examination, under the provisions of G. S. 1894, § 5659, a third defendant, between whom and the plaintiffs there were no issues, the plaintiffs having entered judgment against him by default. *Held*, that the plaintiffs were not, as a matter of right, entitled to so call and examine such defendant.

**Change of Venue.**

*Held* that the place of trial of this action was properly changed, on the application of the only defendants answering.

Appeal by plaintiffs from an order of the district court for Anoka county, Smith, J., denying a motion for a new trial as to defendants Page. Affirmed.

*Michael & Peebles*, for appellants.

*Warner, Richardson & Lawrence*, for respondents.

START, C. J. This action was originally commenced in the district court of Ramsey county, and on April 27, 1895, judgment was entered by default against the defendant copartnership and the individual defendants, Edward S. Page, Charles H. Page, and Joseph B. Foltz. On August 22, 1895, on motion of the two defendants Edward S. and Charles H. Page, the judgment as to them was opened, and they were permitted to answer, and the place of trial was changed from Ramsey to Anoka county, the place of their residence, where it was tried, resulting in a verdict for them. None of the other defendants ever appeared in the action.

The plaintiffs appealed from an order denying their motion for a new trial, and assign two errors: First, that the trial court erred in refusing to permit the plaintiffs to cross-examine the defendant Foltz under the statute; second, that the district court of the county of Ramsey erred in changing the place of trial to Anoka county.

[1]Reported in 67 N. W. 67.

1. On the trial of the action against the defendants Page alone, the plaintiffs called the defendant Foltz for cross-examination, under the provisions of G. S. 1894, § 5659, which reads thus:

"A party to the record of any civil action or proceeding, or a person for whose immediate benefit such action or proceeding is prosecuted or defended, or the directors, officers, superintendent or managing agents of any corporation which is a party to the record in such action or proceeding may be examined upon the trial thereof as if under cross-examination, at the instance of the adverse party or parties, or any of them, * * * but the party calling for such examination shall not be concluded thereby, but may rebut it by counter testimony."

It was admitted that Foltz was in default, and had not appeared or answered in the case; thereupon the defendants Page objected to his being so cross-examined, for the reason he was not an adverse party to the plaintiffs. The objection was sustained, and the plaintiffs excepted. The ruling was correct.

The statute must be given a reasonable construction, and one in accord with its manifest purpose. The object of the statute was to permit a party to call his adversary at the trial, without making him his own witness, and elicit from him, if possible, material facts within his knowledge by a cross-examination, precisely as if he had already been examined on his own behalf in chief. It was not intended to permit a plaintiff to make one of his own witnesses a nominal party to the record, and then call him, and cross-examine him, not as an adverse party, but as a witness against the actual adverse defendants. In equitable actions and actions to enforce liens it often happens that there are merely nominal defendants, or defendants whose interests are the same as those of the plaintiff, and who join with him in demanding the same relief against other defendants, whose interests are adverse to both of them. It would be a perversion of the statute to permit such nominal defendants, or defendants interested with the plaintiff, to be called and cross-examined, for the purpose of proving a case, not against themselves, but against their adversary defendants. The statute means simply this: that any party to the record may be called, as a matter of right, for cross-examination by any other party to the action, where the record shows that there is an issue between them to be tried. See Bowers v. Schuler, 54 Minn. 99, 55 N. W. 817.

There was no issue between the plaintiffs and Foltz, nothing to be tried, judgment had been entered against him in the district court of Ramsey county by default, and this was a trial in Anoka county between the plaintiffs and the Pages only. How could Foltz possibly be regarded as an adversary party on such a trial? If he was an adverse witness, it was discretionary with the court to permit leading questions to be put to him. But such is not this case. For aught that appears from the record, he was a friendly witness, and gave evidence favorable to the plaintiffs. Whether or not the court, in its discretion, might have permitted Foltz to be called for cross-examination under the statute, we do not decide.

2. The order changing the place of trial was correct. Although judgment had been entered against the defendant Edward S. Page prior to the time when he appeared and demanded that the place of trial be changed to Anoka county, the place of his residence, yet, as the court found, the summons had never been served on him. All the other defendants were at this time in default, and judgment had been entered against all of them, except the defendant Collins, who has never appeared or answered in the action. The defendant Edward S. Page, then, at the time of his demand for the change, was not in default, his time for answering had not expired, and he was the only defendant as to whom there was to be a trial. The case then stood as if he was sole defendant, and he had an absolute right to the change. The fact that his co-defendant Charles H. Page joined in the motion, and asked the court to set aside the judgment, and permit him to answer, and to change the place of trial, does not change the case. He either had or had not the right to join in the demand for the change when the court permitted him to answer. If he had, then all of the answering defendants asked for the change; if, because he was in default, he was not entitled to join in the demand, then the case stood as if Edward S. Page was the only answering defendant. If the defendant Charles H. Page is to be counted at all in determining the question whether the requisite number of defendants united in the demand for a change of the place of trial, he must be counted on both sides of the question, not on one side only, as plaintiffs' counsel seem to claim.

Order affirmed.