FREDREKA BACHMEIER v. GUSTAVE BACHMEIER and Another.[1]

Nos. 10,802—(239).

October 26, 1897.

**Mortgage—Construction—Consideration.**

> A certain mortgage construed. *Held*, that it was executed and delivered to secure the performance of the mortgagor's agreement to support and maintain the mortgagees so long as both or either should live, and not solely to secure the payment annually of a stated sum of money.

Action in the district court for Carver county to foreclose a real-estate mortgage. The court found that there was due plaintiff under the mortgage the sum of $160.94, and foreclosure was decreed for this amount. From an order, Cadwell, J., denying plaintiff's motion for a new trial, she appealed. Reversed.

*Hubbard & Taylor*, for appellant.

*W. C. Odell*, for respondents.

COLLINS, J.

The court below erred when it construed the mortgage involved in this foreclosure proceeding as securing to the mortgagees, or to the survivor should either die, nothing more than an annual payment during life of the sum of $75. The mortgage was not carefully drawn, and its provisions are somewhat ambiguous; but taking it as a whole, as we must, for the purpose of ascertaining the intent of the parties, we are clearly of the opinion that it was given to secure the performance of the mortgagor's agreement to support and maintain the mortgagees, his father and mother, as long as both or either should live.

The ordinary blank form was used, and following the description of the premises conveyed and mortgaged was this recital and condition:

"Now, whereas, the said Franz Bachmeier and Fredreka Bachmeier, his wife, have this day deeded to Gustave Bachmeier the above described real estate, for the following consideration, to wit: First. The said party of the first part, in consideration of the deed-

ing of said property above described by the said parties of the second part, hereby agrees to support and maintain said parties of the second part in a good and comfortable manner, to take good care of them in sickness, and to provide for all their necessary wants as a filial son should do for his parents, supplying all their wants with the exception of wearing apparel during their lifetime, and also paying said parties of the second part a yearly sum of seventy-five dollars ($75) on the first day of January in each and every year, said sum of money to be paid to the survivor of said parties of the second part should one of said parties first decease."

Then followed a second and a third condition, relative to payments 'of money to be made to other parties, and of no interest here; and finally:

"If default is made in *any of the conditions* above recited and incorporated herein, the said party of the first part authorizes the said parties of the second part, or either of them, to foreclose for the amount then due."

And following the defeasance clause was the usual power of sale, with the provision that—

"Out of the money arising from such sale to retain the principal and interest which shall then be due on the said *above-recited sums and maintenance,* together with all costs and charges, and pay the overplus, if any, to the said party of the first part, his heirs, executors, administrators, or assigns."

We have italicized parts of this language for the purpose of calling attention to that which, it seems to us, indicates that the mortgage was designed to, and does, secure the performance of the mortgagor's entire agreement, and not a small and comparatively unimportant part of it.

As a new trial must be had, other questions presented by the record need no consideration. It is advisable to say, however, that the court below ruled correctly when it refused to allow the defendant Bachmeier to be examined by plaintiff's counsel, under the provisions of ·G. S. 1894, § 5659. He was not an adverse party within the meaning of that section. See Suter v. Page, 64 Minn. 444, 67 N. W. 67.

Order reversed.