PIPESTONE COUNTY BANK v. ALBERT L. WARD and Others.[1]

October 25, 1900.

Nos. 12,125—(4).

**Assignment of Mortgage as Collateral—Mortgagee as Witness under G. S. 1894, § 5659.**

In an action to foreclose a mortgage which had been assigned to plaintiff as collateral security, such assignor is a party for whose immediate benefit the action is prosecuted, and he may be called for cross-examination, under G. S. 1894, § 5659.

Action in the district court for Martin county to foreclose a mortgage. Certain issues were submitted to a jury. The court, Quinn, J., adopted the findings of the jury, and as conclusion of law found in favor of plaintiff. From an order denying a motion for a new trial, defendants Albert L. Ward and wife appealed. Reversed.

*H. H. Dunn* and *De Forest Ward,* for appellants.

*F. L. Janes,* for respondent.

LEWIS, J.[2]

Defendant Hausberg was, on April 2, 1897, the owner of the mill property described in the complaint. On that day he entered into a contract with defendant Ward whereby the premises were sold to Ward for the sum of $6,000, to be paid for in the manner following: Ward to pay cash $2,000; Hausberg and wife to execute to the Martin County Bank their notes in the sum of $4,000, and a mortgage upon the premises to secure the same; the property then to be conveyed to Ward by Hausberg and wife, subject to the mortgage; and the bank then to assign the notes and mortgage to Hausberg. The agreement was carried out, and after the mortgage and notes were assigned to Hausberg he assigned them to plaintiff.

This action was brought by plaintiff against the Hausbergs and Wards to foreclose the mortgage, there having been default in payment. Defendant Hausberg did not appear in the action, and was

[1] Reported in 83 N. W. 991.        [2] LOVELY, J., did not sit.

in default. Ward answered, denying that plaintiff was the owner and holder of the notes and mortgage, alleged that they were executed and delivered in part consideration for the premises so purchased, and that the mill property had been warranted by Hausberg. Issues having been made on these propositions, the cause came on for trial, and the following proceedings took place: Hausberg was called as a witness on part of the plaintiff to identify the notes in question, and they were offered in evidence. Counsel for defendant Ward then proceeded to cross-examine as to the execution of the notes, and offered to prove by the witness that the witness, and not the plaintiff, was their real owner, whereupon the plaintiff admitted in open court that plaintiff held the notes and mortgage as collateral security to a loan of $2,000 made by it to Hausberg. The notes and mortgage were received in evidence. After plaintiff had rested its case, defendant called Hausberg for cross-examination, under the statute (G. S. 1894, § 5659). Objection was made by plaintiff upon the ground that he was a defendant in default. The objection was sustained, and the ruling of the court is assigned as error.

Hausberg was not subject to cross-examination as a party to the action adverse to defendant Ward. Suter v. Page, 64 Minn. 444, 67 N. W. 67. He was not called as a party to the action, but as one for whose benefit the action was prosecuted. It appeared from the issue before the court, and the admission of plaintiff, that he was the owner of the notes and mortgage, subject only to the plaintiff's security to the extent of $2,000. Having sold the premises for $6,000, and transferred a mortgage thereon for $4,000 as collateral security for $2,000, his interest in the security and the foreclosure was at least equal to that of the plaintiff. It does not appear when the $2,000 loan matured, nor what the conditions were as to its payment; but Hausberg could be immediately benefited by the foreclosure proceedings by paying off the $2,000 loan, and taking an assignment of the sheriff's certificate. He was, therefore, a party immediately benefited, within the meaning of the statute.

There are many assignments of error calling in question the rulings of the court upon the question of the condition of the mill at times subsequent to the sale, the various changes that had been

made, and the capacity of the machinery; but, inasmuch as a new trial must be granted upon the ground stated, we do not deem it advisable to review those questions. They are all governed by the well-established rules of evidence, and their treatment here would hardly seem necessary.

Order reversed, and a new trial granted.