## VINCENT BOWLER v. JOHN J. FAHEY.[1]

### May 11, 1917.

### Nos. 20,219—(59).

**Witness — cross-examination of adverse party — proponent of will.**

1. A proponent of a will for probate is a mere nominal party to the proceeding, though named as executor in the will, and he is not interested in the event by reason of being so named, nor by reason of being the husband of one of the devisees so as to constitute him an adverse party to the contestants within the meaning of section 8377, giving an adversary in a litigation the right to examine an opponent as if under cross-examination.

**Same — conversations between testator and devisee.**

2. A devisee, who voluntarily enters upon a contest opposing the probate of a will, thereby asserts such an interest in the issue as to be precluded from testifying to conversations with the testator concerning his intentions in respect to the disposition of his property.

In the matter of the estate of Stewert Bannon, deceased, Vincent Bowler, S. A. Bowler, Charles Bowler, Flora Mensing and Anna Kendall, his next of kin, appealed to the district court for Scott county from the order of the probate court for that county admitting to probate the will of testator. The appeal was heard before Steele, J., and a jury which returned a verdict that the testator was of sound mind at the time he made the will, and that the order of the probate court should be affirmed. From an order denying their motion for a new trial, contestants appealed. Affirmed.

*J. J. Moriarty* and *F. C. & H. A. Irwin,* for appellants.
*Julius A. Coller,* for respondent.

HOLT, J.

The court below ruled that John J. Fahey, proponent, and executor of the will of Stewert Bannon, deceased, could not be called by contes-

[1]Reported in 162 N. W. 515.

tants for cross-examination under G. S. 1913, § 8377, which provides that "a party to the record of any civil action or proceeding, or a person for whose immediate benefit such action or proceeding is prosecuted or defended * * * may be examined by the adverse party as if under cross-examination." This ruling furnishes the main basis for this appeal. Because a person appears as a party to the record it does not necessarily follow that he may be called as a witness by any other party to the record in the litigation and examined as if under cross-examination. The one called must be one having an actual personal interest in the controversy as distinguished from a mere nominal interest, and the party calling him must be an adversary and not one maintaining the same issue. A nominal party, who has no real interest in the issue litigated, is not considered an adverse party to any one of the actual litigants so as to come within the purview of the statute. Such a one is a party to the record who is in default (Suter v. Page, 64 Minn. 444, 67 N. W. 67); or a defendant who has answered and admitted the claim of the plaintiff calling him (Bachmeier v. Bachmeier, 69 Minn. 472, 72 N. W. 710). The question, therefore, is: Was Mr. Fahey merely a nominal party to the proceeding? He was not a beneficiary under the will. That his wife was a devisee does not in law constitute him a person for whose immediate benefit the proceeding is prosecuted. He has therefore no personal interest in the probate of the will. His interest as executor is contingent and uncertain. His appointment as executor does not necessarily follow from an allowance of the will. He is proponent simply because named as executor in the will. It is true that as such he is "the champion of the will," but in that capacity he represents the interests of the beneficiaries, and not at all his own. The adverse parties in a proceeding to probate a will are on the one side those who prefer to take under the law of descent or some will other than the one offered for probate, and on the other side those who deem their best interests subserved by having the will allowed. Although an executor has been held a "party aggrieved" by a decree refusing to admit a will to probate so as to give him the right of appeal, nevertheless, the same decision determined that he was not a party to the proceeding or interested in the event thereof so that section 8378, G. S. 1913, precluded him from

testifying to conversations with the testator. Burmeister v. Gust, 117 Minn. 247, 135 N. W. 980. In that case the executor was the proponent and also the husband of one of the devisees who was not an heir of the testator, precisely as here. It is true, section 8377 is given a reasonably liberal construction as a remedial statute (Bennett v. E. W. Backus Lumber Co. 77 Minn. 198, 79 N. W. 682); whereas section 8378 is strictly interpreted as engrafting an exception upon the modern rule permitting parties to the action and interested persons to testify. In re Brown, 38 Minn. 112, 35 N. W. 726; Keigher v. City of St. Paul, 73 Minn. 21, 75 N. W. 732. But that notwithstanding, we think the words "a party to the record" in the one section and the words "a party to an action" in the next following should have the same meaning, and are alike intended to designate a person who has an actual interest in the event or issue of the litigation adverse to the one calling him for cross-examination, and not to one who is merely a nominal party or acting in a representative capacity only. The interest referred to in section 8377 must be of the same nature as the one referred to in section 8378, and which has been defined as some pecuniary, legal, certain and immediate interest in the event of the cause itself. Geraghty v. Kilroy, 103 Minn. 286, 114 N. W. 838. In re Brown, supra, is not an authority for appellants, for there proponent was clearly more than a nominal party—he was directly interested in the issue, being one of the legatees. We are of the opinion that appellants did not have the strict legal right to examine Mr. Fahey as if under cross-examination. This is not saying that the court should have held contestant to the rigid rules applicable to an examination of a party's own witness had they seen fit to call Mr. Fahey as such. He might then have been examined as an unwilling witness. We may add that at this trial proponent was the first witness called, and contestants cross-examined him quite fully without developing any suggestion that further cross-examination might be of any avail to them.

Appellants also complain of a ruling, sustaining an objection of respondent to a question asked one of the contestants calling for a conversation with testator concerning his intention to devise his property. It is claimed that, since this witness would receive the same share in the

estate under the law of descent as she does under the will, she has no interest in the issue of the allowance or disallowance of the will. It seems to us that by her voluntary act in entering upon and persisting in this contest to overthrow the will she asserts an interest in the issue which brings her within the restriction of said section 8378.

The order must be affirmed.