## GEORGE H. THADEN v. FRANCIS BAGAN AND OTHERS.[1]

### December 21, 1917.

### No. 20,454.

**Broker—action for compensation—verdict sustained by evidence.**

1. The evidence sustains a finding of the jury that the plaintiff effected a sale of land of the defendants' intestate under an agreement with him whereby he was to have for his compensation all in excess of a stated selling price.

**Witness to conversation in presence of decedent — statute — offer of proof.**

2. The widow of the deceased was not precluded from testifying by G. S. 1913, § 8375 (1), which provides that a wife shall not be examined for or against her husband without his consent; nor was she prevented by G. S. 1913, § 8378, which provides that a party to an action or one interested in the event of it shall not testify to a conversation or admission of the deceased, from testifying to a conversation between the plaintiff and herself in the presence of the deceased who did not participate therein, but to make error in the exclusion of such testimony available it was necessary that the plaintiff make an offer of proof showing its materiality.

[1]Reported in 165 N. W. 864.

**Evidence — admission — omission from listed credits.**

3. The omission of the plaintiff to list for taxation as a credit his claim for compensation as required by G. S. 1913, § 2316, et seq. was proper to be shown as an admission against the validity of it.

**Same — tax lists — privilege.**

4. The defendants might show such omission by the tax lists or they might take the statement of the defendant as to the fact when on the stand, and neither the provision of the tax law, G. S. 1913, § 2320, prohibiting a disclosure of the lists by the tax officers "except by order of court," nor the provision of G. S. 1913, § 8375 (5), prohibiting public officers from disclosing communications made to them in official confidence when the public interest would suffer from such disclosure, gives a privilege against disclosure.

**Appeal and error — exclusion of evidence prejudicial.**

5. Considering the nature of the case and the character of the evidence upon which the parties necessarily relied it is *held* that the exclusion of proof as to the listing was prejudicial.

George H. Thaden's claim for $3,000 against the estate of Thomas F. Bagan, deceased, for commissions earned in the sale of a certain farm, was disallowed by the probate court for Freeborn county. Claimant appealed to the district court for that county where the appeal was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $3,904.50. From an order, Catherwood, J., denying their motion for a new trial, Francis Bagan and others, as administrators of the estate of Thomas F. Bagan, deceased, appealed. Reversed.

*John F. D. Meighen, Bennet O. Knudson* and *Moonan & Moonan,* for appellants.

*Dunn & Carlson* and *John McCook,* for respondent.

DIBELL, C.

This is an action to recover compensation for the sale of farm lands belonging at the time to Thomas F. Bagan, now deceased, and was tried in the district court on appeal from the probate court. The defendants are Bagan's administrators. There was a verdict for the plaintiff and the defendants appeal from the order denying their motion for a new trial.

1. On December 5, 1910, Bagan listed with the plaintiff for sale 600 acres of land in Fillmore county at the net price to him of $60 per acre, the plaintiff to have for his compensation all in excess. The listing was exclusive for one month. If he did not sell within that time he earned nothing. He did not make a sale within the month. He claims that Bagan orally extended the time within which a sale might be made upon the terms of compensation contained in the listing agreement. A sale was made in March, 1911, to one A. W. Schild, at $65 per acre, upon terms of payment satisfactory to Bagan. It is not in dispute that the plaintiff effected the sale and he claims that in doing so he earned under the contract $5 per acre. Bagan died on November 18, 1914. The statute precluded the plaintiff from testifying as to conversations with him relative to an extension. There was testimony of those who heard conversations between the two or admissions of Bagan having a tendency to establish plaintiff's contention. Some of it was quite direct. The defendants offered testimony tending to show that there was no extension of the terms of the listing agreement and that when the sale was made Bagan was to have the whole selling price, the plaintiff's activity in making the sale being explained by the fact that he had an arrangement with Schild whereby he took over his Kansas land, and disposed of it, so that in effect Schild got the Minnesota land in exchange subject to mortgage payments, and in such transaction received compensation or profit for his services. There was evidence for and against the plaintiff's contention and the evidence sustains the verdict.

2. The defendants called as a witness Mrs. Bagan, the wife of the deceased, and proposed to show conversations between her and the plaintiff. These conversations were in the presence of the deceased but he did not participate in them. The court was of the opinion that the proposed testimony offended G. S. 1913, § 8375 (1), which provides that a wife cannot be examined for or against her husband without his consent, and G. S. 1913, § 8378, which provides that it shall not be competent for a party to an action or one interested in the event of it to give evidence of a conversation or admission of a deceased person relative to a matter in issue, and sustained the plaintiff's objections. That such testimony would not violate section 8375 (1) is clear. 1 Wigmore, Ev. § 610,

and cases. It is also clear that it would not violate section 8378. It was not sought to show a conversation or admission of the decedent, which Mrs. Bagan overheard, but a conversation between Mrs. Bagan and the plaintiff which perhaps the decedent overheard but which if otherwise competent was competent though he did. Later in the trial, the court was of the opinion that it was in error in the view it took of section 8375, and so stated to counsel, but adhered to its view that the testimony offended section 8378. Counsel for defendants, when the question first arose, stated that he would like to make an offer of proof and there was some talk about putting it in writing but nothing was done at the time or later. The long settled rule is that there must be an offer showing the materiality of proffered testimony unless it otherwise appears or is presumptively material. 3 Dunnell, Minn. Dig. 1916 Supp. § 1917, and cases. It was appreciated by counsel but not observed. The rule is not narrowly construed. There may be cases where a ruling upon the single question of competency may be reviewed without an explicit offer of proof. The record is a little confused, but it does not present that precise question nor such a case. The making of an offer was deferred and was not again taken up. The court left it open for further determination. There should have been an offer showing the materiality of what the defendants were prepared to prove and without it there is no reviewable error.

3. Plaintiff's cause of action accrued in March, 1911. His claim was for $3,000 and interest. It was a "credit" which was required to be listed by the plaintiff by the tax law. G. S. 1913, § 2316, et seq. The defendants proposed showing whether it was listed. It sought to do this by going to the lists in the possession of the county auditor and by taking the plaintiff's statement, when on the stand, as to the fact. That a showing that the plaintiff did not list his claim as a credit was proper as an admission of nonownership is not open to question. H. C. Jaquith Co. v. Shumway's Estate, 80 Vt. 556, 69 Atl. 157; Fudge v. Marquell, 164 Ind. 447, 72 N. E. 565, 73 N. E. 895; Whitfield v. Whitfield, 40 Miss. 352.

4. That the plaintiff did not list his claim might be shown by the lists themselves, or by taking the statement of the plaintiff when a witness, un-

less for some reason there is a prohibition or privilege preventing, is free of serious doubt; and that there is such prohibition or privilege is the contention of the plaintiff.

The tax law provides: "Such list shall be open to the inspection of the assessor, county auditor, their deputies and clerks, the board of review, the board of equalization, their clerks, the Minnesota tax commission and its assistants and clerks, but the details of the list made by taxpayers shall be disclosed to no other person except by order of court, and any assessor or other person who shall disclose such details shall be liable to a fine of not less than one hundred dollars nor more than five hundred dollars." G. S. 1913, § 2320. Another statute provides that "a public officer shall not be allowed to disclose communications made to him in official confidence when the public interest would suffer by the disclosure." G. S. 1913, § 8375 (5). Objections to the proof proposed were sustained and the ground of the ruling was that the question was collateral to any issue and that to require a disclosure would be a violation of the confidence required to be reposed by the taxpayer in the public and that it was contrary to public policy.

The legislature in enacting the money and credits tax law might, if it chose, have made the returns filed with its taxing officers absolutely privileged and have prevented their use against a taxpayer and relieved him from disclosing whether he listed his credits. The Federal revenue laws have provisions making returns and information acquired privileged, either absolutely or qualifiedly, and there are occasional state statutes of like purpose. They are given full effect. Boske v. Comingore, 177 U. S. 459, 20 Sup. Ct. 701, 44 L. ed. 846; In re Reid (D. C.) 155 Fed. 933; Stegall v. Thurman (D. C.) 175 Fed. 813; In re Valecia Condensed Milk Co. 240 Fed. 310, 153 C. C. A. 236; Williams v. Brown, 137 Mich. 569, 100 N. W. 786; Meyer v. Home Ins. Co. 127 Wis. 293, 106 N. W. 1087. Our tax statute is not of that character. The prohibition is against a disclosure "except by order of court." This exception intends that when an issue is on trial, upon which a disclosure is material, the court may require it, and its ruling shall be obeyed. It does not limit the duty of disclosure to a case where public revenue is directly involved. It does not restrict courts in their judicial investigations nor make their

rulings discretionary. Saving obedience to the ruling of a court, the prohibition is absolute. There is nothing in section 8375 (5) prohibiting public officers from disclosing communications made to them in official confidence when the public interest would suffer from the disclosure which affects the result. This provision particularly refers to matters affecting the affairs of the state, as state secrets, and communications by informers.

There is a critical discussion and a collection of cases in 4 Wigmore, Ev. §§ 2367-2376. See also 4 Jones, Ev. § 762; 1 Elliott, Ev. § 639; 23 Am. & Eng. Enc. (2d ed.) 51.

Neither of the statutes mentioned prevents proof whether the plaintiff listed his claim.

5. Whether the erroneous exclusion of evidence as to the listing should result in a new trial is the question remaining.

That for four years commencing with 1911 the plaintiff omitted to list was of some weight as an admission against the validity of his claim. Bagan was a man of property and the claim was of value, if valid. The plaintiff claims that its validity was never denied by Bagan. The weight of the evidence as an admission was for the jury. Taking counsel of its experience it might conclude that men are prone to evade their share of the public burden of taxation and that a failure to list should not weigh heavily against him as an admission; or it might conclude that men generally do list their credits and that plaintiff's failure to do so evidenced little faith in it. The wilful omission to list credits or a false listing is a species of active dishonesty. We cannot assume it to be so prevalent that an unexplained omission to list is without significance. Instead we ought to assume that men generally respond to the call of good citizenship and honestly report their credits. If the evidence were direct and positive upon the issue determinative of the case, or controlling in favor of the plaintiff, we might not reverse for the erroneous exclusion of such evidence, for new trials are granted only for substantial and prejudicial error. The evidence was not at all so. The verdict might well enough have gone either way. The jury, through no fault either of the plaintiff or the defendants, was required to determine the issue upon evidence

largely indirect and of uncertain probative value, and it should have had all the aid permitted by the law of evidence. We hold the exclusion prejudicial.

Order reversed.