588

CLEMENTS, Respondent, v. KEITH et al, Appellants.

(221 N. W. 675.)

(File No. 6399.   Opinion filed November 9, 1928.)

A. J. Keith, of Sioux Falls, for Appellants.

Muller, Conway, Feyder & Conway, of Sioux Falls, for Respondent.

POLLEY, J.   This is an appeal from the municipal court of the city of Sioux Falls.   The action was brought to recover on a promissory note.   The defense is payment.

During the trial the defendant called the plaintiff to the stand for cross-examination under the statute as an adverse

party. The witness was asked the following question: "I will ask you, Mr. Clements, if on the 31st day of July, 1923, I paid you $51.90." This was objected to as "being improper cross-examination under the statute, not within the issues of this case; irrelevant and immaterial." The objection was sustained and error assigned. Whether this money had been paid was the very question that was being tried. Defendant had a right under the statute to go into the matter thoroughly on cross-examination, and the ruling of the court was erroneous. Suter v. Page, 64 Minn. 444, 67 N. W. 67; Langford v. Issenhuth, 28 S. D. 451, 134 N. W. 889. But it was error without prejudice. It is not claimed by plaintiff that he did not receive the payment of $51.90, nor is it contended by appellant that he did not receive credit for this payment, so that nothing would have been added to appellants' case if plaintiff had been permitted to answer, even though he had answered the question in the affirmative.

■ Defendant while on the witness stand testified to the making of a certain payment. To the question, "What is the date of your payment?" defendant answered: "July 31st, 1923, and I told him to credit that on my note." Plaintiff moved that the answer be stricken out as not the best evidence. Motion was granted, and error is assigned.

There is nothing in the record to suggest that the transaction referred to was in writing. For anything appearing in the record defendant had a right to direct how the payment should be applied, and it was error to grant plaintiff's motion to strike out the answer. But defendant was not prejudiced by such ruling because later on in the trial defendant was permitted to testify without objection that he had made this payment and had directed how it was to be applied.

Upon the question of the sufficiency of the evidence argued by defendant, we believe only a question of the veracity of the witnesses is involved, and the finding of the jury is conclusive.

The judgment and order appealed from are affirmed.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.