## ELIZABETH SIEVERS AND ANOTHER v. HANS SIEVERS AND ANOTHER.[1]

October 13, 1933.

No. 29,527.

Wright, *Nelson & Plunkett*, for appellants.
*Elmer R. Peterson*, for respondents.

*DIBELL, Justice.*

Action by Elizabeth Sievers, widow of George Sievers, and her infant child to recover a portion of the insurance on the life of her husband, paid to the defendants, the beneficiaries in a policy of insurance for $5,000 issued to him by the Mutual Life Insurance Company of New York. The defendants collected the insurance in full. They paid the doctor bills of George in the sum of $293, the funeral expenses of $373.50, and paid $1,200 to the plaintiffs; and the suit is for the balance, $3,133.50, claimed and retained by the defendants. There was a verdict for the plaintiffs for the amount claimed. The defendants appeal from the order denying their alternative motion for judgment or a new trial.

■ There is involved in plaintiffs' proof of their asserted cause of action 2 Mason Minn. St. 1927, § 9817, as follows:

"It shall not be competent for any party to an action, or any person interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party or person relative to any matter at issue between the parties, unless the testimony of such deceased or insane person concerning such conversation or admission, given before his death or insanity, has been preserved, and can be produced in evidence by the opposite party, and then only in respect to the conversation or admission to which such testimony relates."

In many states the corresponding statute refers to transactions and communications with the decedent. 1 Wigmore, Ev. (2 ed.) § 488, pp. 865-911; 5 Jones, Ev. (2 ed.) § 2260.

The statute has proved a vexing one in its application. Its policy is frequently and forcibly assailed as not in furtherance of the ascertainment of the truth. 1 Wigmore, Ev. (2 ed.) § 578; 5 Jones, Ev. (2 ed.) § 2225; 35 Harv. L. Rev. 673-680; 38 Harv. L. Rev. 697; 30 Yale L. J. 593, 605; Morgan, *Law of Evidence* (Yale Univ. Press) 23-49. It is to be given a fair construction, but the construction is somewhat strictly against the exclusion of evidence. The general statutory rule and policy permits any person, including an interested party, to testify. 2 Mason Minn. St. 1927, § 9814. The rule of strict construction against the exclusion of otherwise competent testimony is illustrated in Chadwick v. Cornish, 26 Minn. 28, 1 N. W. 55; In re Brown's Will, 38 Minn. 112, 35 N. W. 726; Keigher v. City of St. Paul, 73 Minn. 21, 75 N. W. 732; Finn v. Modern Brotherhood, 118 Minn. 307, 136 N. W. 850; Ikenberry v. New York L. Ins. Co. 127 Minn. 215, 149 N. W. 292; Bowler v. Fahey, 136 Minn. 408, 162 N. W. 515; Wheeler v. McKeon, 137 Minn. 92, 162 N. W. 1070, 1 A. L. R. 1514; Caldwell M. & E. Co. v. L. L. May Co. 141 Minn. 255, 169 N. W. 797; Geisler v. Geisler, 160 Minn. 463, 200 N. W. 742; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10316(i). In Kells v. Webster, 71 Minn. 276, 73 N. W. 962, it was said that a liberal construction should be given; and in Dougherty v. Garrick, 184 Minn. 436, 239 N. W. 153, 77 A. L. R. 1286, the preceding case is emphasized by a quotation to the effect stated. The rule was stated in the Kells case without particular discussion, as indeed was the contrary rule in the other cases cited. The rule of strict construction is as stated, and it accords or at least is in harmony with cases in other jurisdictions. 28 R. C. L. p. 502, § 89; Am. Dig. Witnesses, § 126. Of course the statute cannot be evaded as, for instance, by permitting a witness to give his conclusions from a conversation or by testifying that there was none or by other subterfuge. Theodore Wetmore & Co. v. Thurman, 121 Minn. 352, 141 N. W. 481; Redding v. Godwin, 44 Minn. 355, 46 N. W. 563. And see 6 Dunnell,

Minn. Dig. (2 ed. & Supp.) § 10316, and cases cited. But a conversation by an interested party with a third party, if otherwise competent, is not incompetent because overheard by a party since deceased. See Thaden v. Bagan, 139 Minn. 46, 165 N. W. 864, hereafter noted.

■ The policy gave George the right to change the beneficiaries. He worked for his father and, with his wife and child, lived with his parents on a farm in Freeborn county. He was paid $50 per month. The insurance was taken by the parents in the name of George. They paid the premiums and were the beneficiaries. In November, 1930, the plaintiff Elizabeth Sievers asked for money from the defendants for Christmas shopping for both families. Her claim is that the defendants or one of them said that all she could have was $20 because the rest of George's wages was to be paid on the premium becoming due on the insurance. She repeated her claim a number of times without material variation, and the following fairly indicates the purport of it:

Q. "Tell us what the conversation was, had with Mr. and Mrs. Hans Sievers at that time.

A. "Well, I asked Mrs. Hans · Sievers for our wages because Christmas was coming and I wanted the money for Christmas presents for her family and my family, and Mr. Sievers said that all I could have was $20 of the wages because the rest of the money was to be paid on the insurance coming due.

Q. "On your insurance?

A. "Yes, and I said if we are going to pay out our wages for insurance I want the insurance changed to our name, and Mr. Hans Sievers said we don't need to bother because he would certainly see that the baby and I would get the money if anything happened to George."

The theory of the plaintiffs is that George had the right to change the beneficiaries, and was about to do so and make the plaintiff Elizabeth, or her and their infant child, beneficiaries, and refrained from doing so because of the promise of the defendants that the

580

money would be paid to her or to her and her daughter if anything happened to him. He died in November, 1931. To maintain this claim the plaintiffs sought to prove a conversation had by Elizabeth with the defendants and to make her testimony, though she is an interested party, competent by excluding George, who was present, from it.

The plaintiffs claim that this testimony was competent within Thaden v. Bagan, 139 Minn. 46, 165 N. W. 864, upon the theory that the conversation was between Elizabeth and the defendants, and that her husband was but a listener and not a participant. Whether he said anything is not shown. It is but repetition to say that her husband, in order that there be a contract which would give her what she claims, must have been present at the conversation, listening to it, assenting to what was said and done, and assenting to it in this way that he agreed to the interpretation which she puts upon it, that is, that he would forego the changing of the beneficiaries upon their promise that they would pay the insurance money to his wife and infant daughter in case of his death. To that extent he was a participant in the conversation. The court refers to it as a conference between the parties. The verbal act doctrine is without application. The Thaden case, 139 Minn. 46, 165 N. W. 864, went no farther than a holding that a conversation otherwise competent was not incompetent because a person since deceased heard it. There was no offer of proof and no showing in that case of what the testimony of the witness would be. It is putting the case before us favorably to the plaintiffs to say that if the evidence of the conversation were competent a case for recovery was made. Without holding that there was not, we prefer to rest our decision upon the proposition that the plaintiff Elizabeth's husband, if her claim be right, participated in whatever was done at the conference in the making of a contract; and that her testimony of what the defendants said, if any legal effect is to be given to it, must be held to be a conversation in which her husband participated, and within the statute. She was not the agent of her husband to make a contract.

We hold that there was no competent evidence sustaining a verdict or judgment. All available evidence has been produced, and the case should be ended by judgment notwithstanding.

Order reversed.

*OLSEN, Justice* (concurring).

I do not agree that the conversation between one of the plaintiffs and the defendants, although in the presence of the plaintiff Elizabeth's husband, since deceased, was incompetent as being evidence "of or concerning any conversation with, or admission of, a deceased * * * person relative to any matter at issue between the parties." The husband, as far as appears, said nothing and did nothing. The statute excluding evidence by an interested party of or concerning any conversation with or admission of a deceased person should not be extended beyond the reasonably clear application of the words used in the statute. Thaden v. Bagan, 139 Minn. 46, 165 N. W. 864, seems controlling. However, while not incompetent on the ground claimed, this evidence was insufficient as a matter of law to establish any agreement between the husband and his father for a change of beneficiary or for payment of the insurance money to plaintiffs. The evidence does not sustain the verdict, and the reversal of the order appealed from is proper.