BETTY REA MILNER v. FIRST NATIONAL BANK OF
MINNEAPOLIS, EXECUTOR, SUBSTITUTED FOR
WINNIFRED L. ROGERS, ALSO KNOWN
AS MRS. P. A. ROGERS.[1]

April 22, 1949.

No. 34,895.

---

[1]Reported in 37 N. W. (2d) 450.

*Walter U. Hauser*, for appellant.

*Koon, Whelan, Hempstead & Davis* and *John P. Somers*, for respondent.

THOMAS GALLAGHER, JUSTICE.

On January 7, 1948, plaintiff commenced this action for breach of contract against Winnifred L. Rogers, also known as Mrs. P. A. Rogers, hereinafter referred to as defendant. Defendant appeared and joined issue therein. On May 12, 1948, while the action was awaiting trial, defendant died testate, and thereafter First National Bank of Minneapolis was appointed executor of her estate.

On July 2, 1948, plaintiff moved for the substitution of such executor in place of defendant herein. On August 20, 1948, the executor appeared specially in said proceedings and objected to the jurisdiction of the court on the ground that the action, being one founded upon a claim arising out of contract, became subject to the jurisdiction of the probate court upon the death of defendant.

On September 10, 1948, the district court made its order substituting the executor as defendant in the action. This is an appeal from such order.

On appeal the executor, hereinafter referred to as appellant, asserts that by virtue of M. S. A. 525.411 and 525.431 the jurisdiction of the district court ended with the death of defendant, and

that thereafter plaintiff was required to proceed with her claim in probate court in accordance with the aforesaid statutes.

■ It is conceded by appellant that the district court had jurisdiction of the parties and the cause up until the death of the defendant.

Section 573.01 provides:

"A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, * * *. *All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter."* (Italics supplied.)

Section 540.12 provides:

"No action shall abate by reason of the death or disability of a party, * * * if the cause of action continues or survives. In such cases the court, on motion, may substitute the representative or successor in interest, * * *."

Section 525.43 provides:

*"All actions wherein the cause of action survives may be prosecuted to final judgment, notwithstanding the death of any party,* and in such case the representative may be substituted therein in the stead of the deceased party. If judgment be rendered against the representative, it may be certified to the probate court and shall be then paid *in the same manner as other claims against the estate."* (Italics supplied.)

It is not disputed that plaintiff complied with §§ 540.12 and 525.43 in moving to substitute appellant as defendant herein.

It is clear from the foregoing that, unless some further statutory provisions nullify the express language of the above sections, plaintiff's cause of action, arising on contract, survived to plaintiff against the personal representative of defendant following her death.

■ Appellant asserts, however, that by virtue of §§ 525.411 and 525.431 it became incumbent upon plaintiff to proceed as prescribed in said sections following defendant's death.

Section 525.411 provides:

"All claims against a decedent arising upon contract, whether due or not due, shall be barred forever unless filed in court within the time limited."

Section 525.431 provides:

"No action at law shall lie against a representative for the recovery of money upon any claim required to be filed by section 525.411."

As previously stated, it is the contention of appellant that after defendant's death plaintiff should have filed her claim upon the contract in probate court and proceeded to have it determined therein; and that under § 525.431 she was thereafter without authority to proceed against the representative of defendant's estate.

We do not feel that there is any conflict in the foregoing statutes. It cannot be disputed that §§ 573.01, 540.12, and 525.43 extended to plaintiff the absolute right to continue her pending action after the death of defendant therein. It is true that, had no action been pending at that time, plaintiff then would have been required to file her claim in probate court as provided in § 525.411, and, under § 525.431, she could not *thereafter* have instituted an action thereon. There is nothing in the language of such sections, however, which relates to an action already pending, which, by virtue of § 573.01, survives the death of a party thereto. On the contrary, § 525.43, which follows § 525.411, makes express provision for continuing such actions and for the substitution of the representative of the deceased as defendant therein. Any other construction of the quoted statutes would lead to duplication and a multiplicity of actions. We feel that the definite language of the sections relating to survival of actions as above quoted clearly authorized the court to make the order from which this appeal is taken. See, Willoughby v. St. Paul German Ins. Co. 80 Minn. 432, 83 N. W. 377; National Council v. Weisler, 131 Minn. 365, 155 N. W. 396; Kanevsky v. National Council, 132 Minn. 422, 157 N. W. 646; Weisler v. National Council,

132 Minn. 478, 157 N. W. 648. See, also, Fern v. Leuthold, 39 Minn. 212, 217, 39 N. W. 399, 401-402; 3 Dunnell, Dig. & Supp. § 3603. Affirmed.