OSCAR G. PEARSON v. RUSSELL F. BERTELSON, GENERAL ADMINISTRATOR OF ESTATE OF JOHN ALFRED JOHNSON, AND ANOTHER.[1]

March 25, 1955.

No. 36,481.

[1]Reported in 69 N. W. (2d) 621.

*Marshall S. Snyder* and *John D. Nelson,* for appellant.
*Ernest W. Erickson,* for respondent.

MATSON, JUSTICE.

In an action for the recovery of a loan allegedly made by the plaintiff to the defendants as partners, the general administrator of the estate of the defendant John Alfred Johnson, deceased, appeals from the judgment entered against the defendants.

Plaintiff's action was originally brought against the defendants, John Alfred Johnson and Emil E. Pearson, to recover $10,000 allegedly loaned to them on April 28, 1950, when the defendants were partners in operating an on-sale liquor store. Defendant Emil E. Pearson, a brother of the plaintiff, interposed no answer and has at all times been in default. Defendant Johnson, however, filed an answer denying that a $10,000 loan was ever made to both defendants as partners and as a further defense alleged that plaintiff instead made a separate loan to each of the defendants as individuals, namely $4,000 to the answering defendant Johnson and $6,000 to the defendant Emil Pearson who is in default. Defendant Johnson

further alleged that he had repaid his $4,000 loan in full. After filing his answer, defendant Johnson died. The trial court, over the objection of the administrator of Johnson's estate, granted plaintiff's motion for the substitution of the administrator as the answering party defendant.

Defendant Russell F. Bertelson, general administrator of Johnson's estate, will hereafter be referred to as defendant-administrator. Defendant Johnson, now deceased, will be referred to as Johnson, and defendant Emil Pearson will be referred to as defendant Emil. Throughout the trial and upon this appeal defendant-administrator has contended that only a $4,000 loan was made to Johnson and that the balance of the $10,000 advancement, $6,000, was personally loaned to defendant Emil. It is undisputed that plaintiff received in repayment a $4,000 check which designated defendant Johnson as payee. The factual issue is whether such $4,000 check was in full payment of Johnson's personal obligation whereby he was absolved of all further liability. If the check was received as a part payment on a $10,000 loan to the partnership, then at least $6,000 remains unpaid as a partnership liability.

January 25, 1952, after defendant Emil sold his interest in the partnership business to a third party, defendant Emil and Johnson executed a written dissolution of the partnership herein. No mention of partnership assets or partnership indebtedness was made in the agreement of dissolution. After such dissolution the on-sale liquor business was operated by a new partnership consisting of Johnson and the purchaser of defendant Emil's interest. This action was commenced against Emil and Johnson in February 1952. After Johnson filed his answer, he died.

The trial judge found that the $10,000 loan was made to both defendants as partners and that the defendants were therefore indebted to plaintiff in the sum of $6,000. This appeal is from the judgment entered against defendant Emil in default and against defendant-administrator.

We have these issues: (1) Did the trial court err in substituting as a party defendant the administrator of decedent Johnson's estate? (2) Does the dead man's statute (M. S. A. 595.04) permit a surviving

partner to testify to any part of a conversation between him, the deceased party defendant, and the plaintiff? (3) Is a surviving partner, who is in default in an action on a partnership obligation, an interested party within the meaning of the dead man's statute (§ 595.04) so as to bar his testimony as to conversations with the deceased partner as to the nature of the alleged obligation? (4) Is a surviving partner, who is in default in an action brought to recover on a partnership obligation, an adverse party so as to permit the plaintiff to call him for cross-examination pursuant to Rule 43.02 of Rules of Civil Procedure?

■ The trial court did not abuse its discretion in granting plaintiff's motion for the substitution of the administrator of decedent Johnson's estate as a party defendant. Rule 25.01 of Rules of Civil Procedure authorizes the court in a pending action to substitute a new party for an original party who has died *pendente lite* when the claim sought to be enforced survives such party decedent. Before a substitution of parties may be made, it must appear that the claim survived the original party. Section 573.01 provides that all causes of action, other than those specifically excluded therein (not pertinent here), by one against another, whether arising on contract or not, survive to the personal representative of the former and against those of the latter. Clearly, § 573.01 does not exclude partnership obligations from the claims which survive a partner. Furthermore, § 525.412 provides that upon the death of one of the joint obligors to a joint contract his estate shall be liable.[2] Since we are here concerned with a pending action, and since any liability arising from the partnership obligation does not necessarily cease with the exhaustion of the partnership assets, we are not concerned with § 323.24(4), which provides that on the death of a partner his right in the specific partnership property survives in the surviving partner for partnership purposes.

_____

[2] See § 525.43, which as to pending actions provides:

"All actions wherein the cause of action survives may be prosecuted to final judgment, notwithstanding the death of any party, and in such case the representative may be substituted therein in the stead of the deceased party."

Defendant-administrator asserts, however, that since Rule 25.01 (2) codifies the existing law of this state as applied in Reliable Engine Co. v. Ferch Brothers, 145 Minn. 420, 177 N. W. 657,[3] it follows that the court erred in granting plaintiff's motion for the substitution of decedent's administrator as a party defendant. In the Ferch case plaintiff sued defendants, Ferch Brothers, as copartners. Before the case came on for trial one of the defendants died. The surviving *defendants* insisted that it was *necessary*, before the action could proceed to trial, that the personal representative of the deceased partner be substituted as a party defendant. Defendants' motion for substitution of parties was denied and this court held such denial to be right. In construing the Ferch case the word *necessary* is not to be overlooked, and it should be noted that the motion for substitution was made by the defendants and not by the plaintiff. The Ferch case, as measured by its controlling facts, simply holds that a plaintiff's action against defendant copartners does not abate when one of the defendants dies *pendente lite* and that *plaintiff*, without any substitution of parties, has the right to proceed with his action against the surviving defendants. The application of the rule in the Ferch case can best be understood by examining the record and the briefs filed therein upon appeal. It appears that defendants therein had resorted to dilatory tactics which unduly delayed the bringing of the action to trial and that the trial court felt that further delay, which would be incurred by a substitution of parties, was wholly unjustified and that plaintiff had a right to proceed with his action against the surviving parties.

In the instant case, unlike the Ferch case, plaintiff, instead of insisting on exercising his right to proceed against the surviving partner, was the moving party in asking for a substitution of decedent's personal representative as a party defendant. Under the circumstances the trial court did not err or abuse its discretion in granting plaintiff's motion. See, Milner v. First Nat. Bank, 228 Minn. 324, 37 N. W. (2d) 450. We hold that pursuant to Rule 25.01 (2)

---

[3] Youngquist & Blacik, Minnesota Rules Practice, p. 688; Wright, Minnesota Rules, p. 150; Minnesota Rules of Civil Procedure, Tentative Draft, pp. 106, 107.

it is not error, in an action pending against defendant partners upon a partnership obligation, to grant a plaintiff's motion that the personal representative of a deceased defendant be substituted as a party defendant.

█ Over the objection of the defendant-administrator, plaintiff and the defendant Emil were both permitted to testify to conversations in the presence of the plaintiff, defendant Emil, and decedent Johnson, in which all such parties, *including the decedent,* participated. The court restricted the testimony to what plaintiff and defendant Emil had said and did not permit either witness to testify to any words uttered by the decedent Johnson. The testimony was to the effect that all the parties, including the decedent, expressly, or at least impliedly, by these conversations agreed or admitted that the $10,000 loan was made as a partnership obligation.

Clearly, plaintiff's testimony was incompetent and in violation of the dead man's statute (§ 595.04) since plaintiff was not only a party to the action but was also interested in the event thereof. This court in Pomerenke v. Farmers L. Ins. Co. 228 Minn. 256, 36 N. W. (2d) 703, held that the operation of the dead man's statute, *to the full extent intended by the legislature,* is not to be cut down, evaded, or defeated by disregarding the unitary character of a conversation with a decedent and admitting into evidence the words spoken by the surviving participants whereby an evidentiary basis is established from which an inference may be drawn as to the tenor of decedent's contribution to that conversation. In the Pomerenke case we said (228 Minn. 263, 36 N. W. [2d] 708):

"* * * The all-inclusive coverage of this language is not to be evaded by dissecting a *conversation with* a decedent so as to allow testimony of what participants other than the decedent said and then to supply the import of decedent's contribution by a process of negation. A *conversation with* a decedent is not a one-sided affair in which only what the decedent said is to be considered."[4]

---

[4]See, Scott v. Prudential Ins. Co. 207 Minn. 131, 290 N. W. 431; Shell Oil Co. v. Kapler, 235 Minn. 292, 300-301, 50 N. W. (2d) 707, 713-714; cf. In re Estate of Eklund, 233 Minn. 519, 47 N. W. (2d) 422.

230

■ Defendant Emil's testimony was admitted on the rationale that he was not a person interested in the event of the action within the meaning of the dead man's statute (§ 595.04). We do not agree. In a very realistic sense defendant Emil, although he had interposed no answer and was in default, had a pecuniary, legal, and immediate interest in the outcome of the action since, if the evidence adduced were to establish that the $10,000 loan was a partnership obligation, he would not alone be liable for the entire unpaid balance of $6,000 but could look to decedent Johnson's estate for a contribution. Pursuant to § 595.04 any person, whether he be a party to the action or not, who has some pecuniary, legal, certain, and immediate interest in the event of the action with respect to the issue to which his testimony relates[5] is incompetent to testify *unless his testimony is adverse to his own interest.*[6] An interest which is uncertain, contingent, remote, or merely possible is insufficient to bar a person from testifying under the dead man's act. The mere fact, however, that one of several defendants is in default does not *of itself* preclude such defaulting defendant from having an interest in the event of the action which will disqualify his testimony upon an issue to which it relates.

■ Plaintiff, over the defendant-administrator's objection, was permitted to call defendant Emil for cross-examination as an adverse party pursuant to Rule 43.02. This was error. Since defendant Emil had interposed no answer to plaintiff's complaint, he was in default and had in effect admitted the truth of plaintiff's allegation that the $10,000 loan was made to the partnership. A defendant who is in default upon any issue essential to plaintiff's cause ceases, as to that issue, to be a party *adverse to the plaintiff,* and upon such issue it is

[5] In re Estate of Arnt, 237 Minn. 245, 54 N. W. (2d) 333; Bowers v. Schuler, 54 Minn. 99, 55 N. W. 817; Exsted v. Exsted, 202 Minn. 521, 279 N. W. 554, 117 A. L. R. 599; Geraghty v. Kilroy, 103 Minn. 286, 114 N. W. 838; Cocker v. Cocker, 215 Minn. 565, 10 N. W. (2d) 734.

[6] Ehmke v. Hill, 236 Minn. 60, 51 N. W. (2d) 811. Most commentators condemn dead man statutes. See, 1 Morgan, Basic Problems of Evidence, pp. 84 to 85; 18 Minn. L. Rev. 506, 516 to 517; 19 Iowa L. Rev. 521; 26 Iowa L. Rev. 207; A. L. I., Model Code of Evidence, pp. 339 to 340; 2 Wigmore, Evidence (3 ed.) § 578; 7 Wigmore, Evidence (3 ed.) § 2065.

error to permit plaintiff to cross-examine him as an adverse party. Pursuant to the second sentence of Rule 43.02, insofar as here pertinent, a party may not call another party to an action for interrogation by leading questions and for contradiction and impeachment unless the record establishes that there is an issue between them to be tried. Where a party is in default as to any issue, the essential element of adversity between the parties as a requisite for cross-examination has disappeared as to that issue.[7]

Since we consider the errors in the admission of evidence prejudicial, the judgment of the trial court is reversed and a new trial is granted.

Reversed.

[7]Although the second sentence of Rule 43.02 supersedes § 595.03, decisions under the latter section are informative. See, Bowler v. Fahey, 136 Minn. 408, 162 N. W. 515; Suter v. Page, 64 Minn. 444, 67 N. W. 67; Bernick v. McClure, 107 Minn. 9, 119 N. W. 247; P. F. Collier & Son Co. v. Hartfeil (8 Cir.) 72 F. (2d) 625; 2 Youngquist & Blacik, Minnesota Rules Practice, p. 397.