## OSCAR G. PEARSON v. RUSSELL F. BERTELSON, GENERAL ADMINISTRATOR OF ESTATE OF JOHN ALFRED JOHNSON, AND ANOTHER.

81 N. W. (2d) 66.

March 8, 1957—No. 37,004.

*Marshall S. Snyder* and *John D. Nelson,* for appellant.
*Ernest W. Erickson,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court.

Plaintiff's action was originally brought in February 1952, against defendants, John A. Johnson and Emil E. Pearson, to recover a loan of $10,000 allegedly made to defendants as partners, the loan therefore being a partnership obligation. This case was tried twice in district court.

The first trial resulted in a judgment for the plaintiff which was reversed upon appeal to this court and a new trial granted because of errors in the admission of evidence. See, Pearson v. Bertelson, 244 Minn. 224, 69 N. W. (2d) 621. The second trial also resulted in a judgment for the plaintiff, from which this appeal was taken.

Defendant Emil E. Pearson, a brother of the plaintiff, Oscar G. Pearson, interposed no answer in either the first or second trial and has at all times been in default. Defendant Johnson filed an answer denying that a $10,000 loan was ever made to both defendants as partners and further alleged that the plaintiff made a separate loan to each of the defendants as individuals, that is, $4,000 to defendant Johnson and $6,000 to defendant Emil E. Pearson who is in default. Defendant Johnson further alleged that he has repaid his $4,000 loan in full.

Johnson died after filing his answer and before the case was tried the first time. Thereafter the court, over the objection of Russell F. Bertelson, administrator of the Johnson estate, granted plaintiff's motion for the substitution of the administrator as the answering

party defendant. For convenience, defendant Bertelson, who brings this appeal, will be referred to herein as defendant-administrator; defendant Johnson, now deceased, as Johnson; and defendant Emil Pearson as Emil.

Testimony adduced at the second trial discloses that Emil and Johnson contemplated a partnership in the operation of an on-sale liquor store prior to the time the loan in question was made. They applied for a liquor license in March 1950, to be issued to them as partners. It appears from the record that in April 1950, plaintiff met them at a bank in Minneapolis and turned over to them the sum of $10,000 in the presence of the bank's president. Emil and Johnson also produced $8,500 in addition and the entire sum of $18,500 was placed in escrow with a Mr. Lohmann. The latter apparently closed the transaction for the purchase of the liquor business from its former owner, a Mrs. Ross. Lohmann subsequently drew up a formal partnership agreement between Emil and Johnson which was signed by them and acknowledged. Article XXIII of that agreement reads:

"Both parties admit an obligation of the partnership in the present amount of Ten Thousand ($10,000) Dollars to Oscar G. Pearson and agree that all assets of the partnership are pledged as security to said Oscar G. Pearson for the re-payment of said Ten Thousand ($10,000) Dollars."

Several months later in 1950 it appears undisputed that plaintiff was given a $4,000 check endorsed to him by defendant Johnson who was designated as payee, which check had no explanatory notations thereon concerning the nature of the payment or the capacity in which it was made.

On January 25, 1952, after defendant Emil sold his interest in the business to a third party, Emil and Johnson executed a written dissolution of the partnership. No mention of the partnership assets or indebtedness was made in this dissolution agreement. After such dissolution the on-sale liquor business was operated by a new partnership consisting of Johnson and the purchaser of Emil's interest. In addition to the above evidence there was conflicting testimony from other witnesses, some to the effect that the $10,000 was a loan

to defendants as partners and some to the effect that Johnson no longer owed plaintiff anything.

The court, in the second trial, made its findings of fact and conclusions of law to the effect that the loan was made to the defendants as partners; that the payment of $4,000 to plaintiff was a payment on the partnership obligation; and that defendants jointly and severally owe plaintiff $6,000 plus interest with a right of contribution in the event that one of the defendants paid the entire amount of judgment.

The defendant-administrator sets numerous assignments of error that can be combined as follows for the purpose of the determination of this action: (1) Did this court, in its previous decision, make any determination on the merits which would govern the subsequent disposition of the case? (2) Is there evidence in the second trial sufficient to sustain the court's findings and conclusion in behalf of the plaintiff? (3) Was inadmissible evidence received by the court which was prejudicial to the defendant?

■ Defendant-administrator argues that the partnership agreement was before this court in the prior appeal and that when this court reversed, in spite of the partnership agreement and other admissible evidence, such reversal represented a determination that said evidence was insufficient to sustain plaintiff's case. Thus, he maintains that plaintiff had to produce new, material evidence to succeed in the second trial and particularly attacks the use of the partnership agreement by the court in the second trial as a substantial basis for decision.

This court made no determination concerning the merits of this case when it was before us previously. We reversed and granted a new trial because there were errors in the admission of evidence which were prejudicial, namely, evidence admitted in violation of the dead man's statute (M. S. A. 595.04) and evidence admitted because of improper cross-examination. The partnership agreement apparently was not strongly relied upon in the first trial and emphasis was placed along other lines of evidence, an important portion of which was inadmissible and prejudicial, necessitating our

reversal. Thus, there was no determination by this court in the first appeal concerning the sufficiency of the evidence and the partnership agreement was not in any way affected with reference to its value as evidence to support plaintiff's contention. Therefore it was within the discretion of the trial court to consider it in connection with arriving at its decision.

■ Defendant's contention that the evidence was not sufficient to support the findings and conclusions of the trial court cannot be sustained. The trial court's findings of fact are binding upon this court unless they are clearly and manifestly against the evidence. In re Estate of Crosby, 218 Minn. 149, 15 N. W. (2d) 501. Upon a thorough review of the record, we believe the trial court's findings must be upheld. There was no dispute that a loan of $10,000 was made by the plaintiff. The dispute centered on the issue of the capacity of the parties at the time of the loan—whether the loan was, in effect, made to them in separate amounts as individuals or was made to them in one sum as partners. The evidence shows that they contemplated partnership before the loan was made, and that an application for a liquor license was made by Emil and Johnson as "Owners and partners, dba. 8th St. Bar." The evidence also shows that the loan was used to make up a major part of the purchase price of the business which they contemplated operating, and did operate, as partners. The partnership agreement furnishes substantial evidence that the loan was made to them as partners. Defendant-administrator's argument that plaintiff was not a party to the instrument is not pertinent in this case. Article XXIII of the agreement constitutes an acknowledgment of indebtedness in a partnership capacity. It is an admission of fact and is not of itself a contract. Alexander v. Thompson, 42 Minn. 498, 44 N. W. 534.

The strongest evidence in defendant's behalf is the check for $4,000, which was endorsed over to plaintiff. However, inasmuch as that check had no notations on it to the effect it was in full payment of defendant's debt, it cannot be considered conclusive on the issue. When viewed as a part of the total picture, it is a reason-

able inference that the check represents a part payment of the partnership obligation.

Testimony on behalf of defendant by three witnesses concerned remarks of plaintiff and Emil to the effect that Johnson owed plaintiff nothing. The trial court considered this testimony as not sufficient to outweigh the evidence of plaintiffs, inasmuch as the testimony was partially denied and did not go to the question of the parties' intent at the time the loan was made.

We cannot say that the trial court's findings and conclusions are clearly against the evidence so as to necessitate a reversal by this court.

■ We have examined the record with reference to defendant's argument that inadmissible evidence was received by the court which was prejudicial to him. While there is some evidence in the record which might be considered questionable if this were a jury case, the trial here was before the court without a jury. The trial court stated in its memorandum that its decision was not based upon the testimony which defendant has argued is inadmissible. Although a decision of the trial court cannot be sustained on a statement of the court that its decision was unaffected by evidence improperly admitted, a new trial will not be granted if it is obvious that such evidence was disregarded. 14 Dunnell, Dig. (3 ed.) § 7208, and cases cited. See, also, Pump-It, Inc. v. Alexander, 230 Minn. 564, 42 N. W. (2d) 337; Mankato Mills Co. v. Willard, 94 Minn. 160, 102 N. W. 202. We are satisfied here that the questionable evidence was disregarded by the trial court and that there was sufficient competent evidence to sustain its findings.

■ Defendant contends he has been denied a jury trial. We find no merit in this contention considering the opportunities defendant has had to urge any right he may have to a jury trial and his inaction in this respect.

■ Defendant also contends that the finding that Johnson's payment of $4,000 was a part payment of the partnership obligation will have the effect of concluding any rights he may have against Emil regarding that payment. We do not interpret the trial court's

finding on this matter as establishing anything more than that this payment was a payment on behalf of the partnership on a partnership obligation.

Affirmed.