NICHOLAS HENNES v. ANNIE HUSTON.[1]

July 30, 1900.

Nos. 12,199—(248).

Execution of Will.

Where the execution of a will is proved by a subscribing witness, who knows that such instrument was declared by testatrix to be her will, but, from haste and inattention to details, cannot state whether he saw her sign the same or acknowledge her signature thereto, the proper statutory formalities of execution may be presumed, in the absence of any evidence to the contrary, or that would show fraud and concealment.

Same—Findings Sustained by Evidence.

Evidence of the proof of execution of the will in this case considered, and *held* to support the findings of the trial court that the same was properly subscribed and attested.

Tobin v. Haack Distinguished.

The case of Tobin v. Haack, 79 Minn. 101, considered and distinguished.

From an order of the probate court for Hennepin county admitting to probate the will of Maria Hennes, deceased, Annie Huston, contestant of the will, appealed to the district court for that county. In the district court the appeal was heard before Harrison, J., who made findings of fact and as conclusion of law found that the order of the probate court should be affirmed. From a judgment entered pursuant to the findings, the contestant appealed to the supreme court. Affirmed.

*A. C. Middelstadt*, for appellant.

*S. M. Finch*, for respondent.

LOVELY, J.

The will of Maria Hennes was admitted to probate against the objection of contestant, an heir at law. The objections filed to the probate of the will were numerous, but upon this appeal are resolved into the one question whether the same was legally executed under the laws of this state. On an appeal from the order of the probate

[1] Reported in 83 N. W. 439.

court there was a hearing upon this issue, solely, in the district court of Hennepin county, wherein the order of the probate court was affirmed, and judgment thereon duly entered, from which this appeal is prosecuted.

The will was actually written, signed, and witnessed on April 21, 1883. When presented for probate, fifteen years later, it appeared to have been executed with all the formalities required in such cases. The testatrix having signed her name and affixed her seal at the bottom of the will, an acknowledgment of the witnesses in due form follows, signed by M. L. Cummings and August Kegel. It was probated on August 20, 1898.

At the trial in the district court, Kegel was not to be found. Cummings was produced to support the will, and stated that he was called from his place of business, in a room adjoining that of the testatrix; that he went to her room, she being present; that the will lay upon the table before her; that it was by her declared to be her will; and that he affixed his name thereto as a witness. His recollection of details in other respects is quite dim and uncertain. He is unable to state positively that she signed her name in his presence, or that her signature was actually attached to the will before he signed it as a witness, but says that there was nothing unusual or peculiar about the circumstances attending the matter to attract his attention, and that there was no concealment of any fact or detail of the business; his uncertainty arising merely from lapse of time, and neglect on his part to pay particular attention to the details of the transaction. The signature of the testatrix was proved and undisputed. The signature of the absent witness, Kegel, was also proved.

We are of the opinion that the evidence was sufficient to sustain the finding of the trial court, who was warranted in inferring from this evidence, and the manner in which the making of the will was concluded, that the same had been legally executed. It is true that the subscribing witness who was produced was unable to state that he saw the testatrix sign her name, or even that he saw her signature; but said she called him to witness her will, and that he signed as a witness. It was an open transaction, in the presence of third

parties; in the absence of evidence of fraud or that the legal, regular, and ordinary course in such cases was not pursued, it must be presumed that it was. The apparent order in which the signatures to the will were affixed—first by the testatrix, followed by an acknowledgment, then by the witnesses—authorizes the reasonable inference which the trial court adopted, namely, that the formalities of the statute had been complied with. This view is supported by the authority of Allen v. Griffin, 69 Wis. 529, 35 N. W. 21, in which the reasoning of that court seems to us unanswerable.

This case is clearly distinguishable from the recent decision of this court in Tobin v. Haack, 79 Minn. 101, 81 N. W. 758. A reference to the latter case will disclose the fact that the testatrix did not acknowledge at the time that the witnesses signed the paper purporting to be her will that it was a will, or that she had signed the same, and they were unable to state that it was in fact a will or had been signed by her, for the reason that every portion of the instrument preceding their own signatures was purposely covered and concealed. Upon this evidence the trial court in that case found that the will was not executed as required by law, and this court held that the finding of the lower court in that case was not against the evidence. We think that the cases are clearly distinguishable from each other, and that the judgment appealed from must be affirmed.

Judgment affirmed.