JAMES F. GERAGHTY v. DEBORAH KILROY and Others.[1]

February 7, 1908.

Nos. 15,440—(218).

**Will—Signature by Mark—Competent Witness.**

Appeal from a judgment affirming an order of the probate court allowing a proposed will. *Held* that:

The making of his mark to his proposed will by a testator, who is unable to write, is a signing thereof within the meaning of the statute, although his name, leaving a space for his mark, is written at the end of the will by another, without his express direction.

2. A person who is named in a will as executor is a competent attesting and subscribing witness to its execution. He is also a competent witness, although he petitions for its probate, to testify as to the execution of the will, including what the testator said relevant thereto.

3. The attesting witnesses to a will are competent to testify and give an opinion as to the testamentary capacity of the testator.

4. The evidence is sufficient to sustain a finding to the effect that the will was duly signed by the testator in the presence of two competent attesting and subscribing witnesses, and was duly declared and published by the testator, who was then of sound mind.

James F. Geraghty presented the last will and testament of James Tierney, deceased, to the probate court for Dakota county and it was admitted to probate. Deborah Kilroy, Inez L. Riggles and Winnifred M. Shine appealed from the probate court to the district court, and the appeal was heard before Crosby, J., who made findings and affirmed the order and judgment of the probate court. A motion of contestants to set aside the order of the district court and to enter judgment in their favor was denied. From the judgment entered thereon contestants appealed. Affirmed.

*W. H. Gillitt* and *Charles A. Dickson,* for appellants.

*Hodgson & Lowell,* for respondent.

START, C. J.

Appeal from the judgment of the district court of the county of Dakota, affirming the judgment of the probate court allowing the pro-

[1] Reported in 114 N. W. 838.

posed will of James Tierney, deceased, as his last will, and admitting the same to probate.

1. The first claim of the appellants is that the will was not signed as required by the statute. There is little, if any, dispute in the evidence as to the facts.

The testator, on October 22, 1906, the date of the proposed will, was a retired farmer living in the village of Rosemount. He was some eighty four years of age and unable to write. He then had no wife, nor children, nor brothers, nor sisters living; but he then had a nephew, a grandniece, who was named in the will as sole legatee, and who had for some years cared for him, and three nieces, the contestants herein. On the day named the testator sent for Mr. James F. Geraghty, an old friend residing in the same village, to come and see him. When he arrived at the testator's home he was told by him that he wished to make his will, and dictated to Mr. Geraghty the terms of his proposed will, who prepared the will as directed and then read it to the testator. Mr. Archie Cadzhow was sent for, and came to witness the execution of the will, and he and Mr. Geraghty signed the will, in presence of the testator and of each other, as attesting witnesses, after it had been signed by the testator. Mr. Geraghty testified that the will was executed by the mark of Mr. Tierney, who acknowledged that it was his last will; that "before Mr. Tierney made his mark in the presence of Archie J. Cadzhow, I asked him if it was his last will and testament, and he said, 'Yes.' I signed his name, then he made his mark, and I witnessed it, and also Archie J. Cadzhow witnessed it." The other attesting witness testified to the effect that Geraghty met him at the door and told him he wanted him to witness the will; that he did not hear it read, but, in the presence of the testator, Mr. Geraghty said, "This is Mr. Tierney's last will;" that he, the witness, then looked to the testator, who nodded his head in assent, and then sat down on a chair and made his mark to the will; then the witness signed it as an attesting witness. Both of the witnesses knew that the testator could not write. The signature of the testator as it appears at the end of the will is this: "James $\overset{\text{his}}{\text{X}}$ Tierney." Mr. Geraghty was named in the will as executor, and

after the death of the testator he presented it to the proper probate court for proof and allowance.

It may be conceded for the purposes of this appeal, without so deciding, that the evidence would not justify a finding that the will was signed in the testator's presence, and by his express direction, by Mr. Geraghty. Waite v. Frisbie, 45 Minn. 361, 47 N. W. 1069. Nevertheless, it is clear from the evidence that the will was signed, as found by the trial court, and in the manner required by the statute (R. L. 1905, § 3659), which provides that the will of a testator must be "in writing, signed by him, or by some person in his presence and by his express direction, and attested and subscribed in his presence by two or more competent witnesses." This statute does not declare how the will must be signed by the testator. Hence it may be signed by him in either one of the usual ways of signing a written document by the maker thereof; that is, either by writing his signature or making his mark. The word "signature" includes a mark, and the making of his mark by the testator to his will, with the intention of authenticating it, if he be unable to write, is a signing thereof within the meaning of the statute. R. L. 1905, § 5514, subd. 24; 25 Am. & Eng. Enc. (2d Ed.) 1064–1066; 30 Id. 584; Re Will of Guilfoyle, 96 Cal. 598, 31 Pac. 553, 22 L. R. A. 370, notes.

The appellants also claim that the will was not declared and published as such by the testator. The case of Tobin v. Haack, 79 Minn. 101, 81 N. W. 758, is not here in point, for the reason that in the case cited the testatrix did not in any manner indicate to the subscribing witnesses that she had signed the paper purporting to be her will or that it was her will. See Hennes v. Huston, 81 Minn. 30, 83 N. W. 439. The evidence in this case was sufficient to sustain a finding that the testator declared the instrument signed by him, in the presence of the attesting witnesses, to be his will.

The further claim is made that the evidence does not establish a prima facie case that the testator had sufficient mental capacity to make a will. The attesting witnesses to a will are competent to testify and give an opinion as to the testamentary capacity of the testator. Lawson, Expert & Opinion Ev. 532. The subscribing witnesses in this case each gave testimony as to the mental capacity of

the testator, and declared that, in his opinion, the testator was of sound mind when the will was executed. There was no evidence to the contrary, and we hold that a prima facie case of testamentary capacity was established by the evidence.

2. The last claim of the appellants is that Mr. Geraghty was an incompetent subscribing witness to the will, and also that he was not a competent witness to testify as to what was said by the testator touching the execution of his will, because the witness was named as executor in the will. The mere fact that a party is named by a testator in his will as executor clearly does not affect his competency as an attesting witness to the will; for such a witness is competent, if he be one who would at the time be competent to testify in court to the facts which he attests. Tested by this rule, the witness who was named as executor in this case was competent when he attested the will, and, being then competent, no subsequent incompetency, from whatever cause, would prevent the probate of the will. In re Holt's Will, 56 Minn. 33, 57 N. W. 219, 22 L. R. A. 481, 45 Am. St. 434. Nor was the attesting witness, who was named as executor in the will, rendered incompetent to testify to what took place when the will was executed, including what the testator said touching its execution, by R. L. 1905, § 4663, which provides that: "It shall not be competent for any party to an action, or any person interested in the event thereof, to give evidence therein of or concerning any conversation with or admission of a deceased or insane party." The proceeding to establish the will was one in rem, and the executor was not a party to the action, within the meaning of the statute; for the disability of the statute does not extend to all parties to the record, but only to such as are parties to the specific issue to which the testimony relates. Nor was the executor disqualified as a person having an interest in the event of such action; for the disqualifying interest must be some pecuniary, legal, certain, and immediate interest in the event of the cause itself. Whether the witness would ever be appointed executor, or, if appointed, whether he would ever receive any pecuniary benefit therefrom, was neither certain nor immediate. Bowers v. Schuler, 54 Minn. 99, 55 N. W. 817.

The testimony of the subscribing witness, which was objected to in this case, related solely to the specific question whether the instrument offered for probate was the last will of the testator. This was an issue to which the witness was not a party, within the meaning of the statute; for the naming of a party as executor in a will does not make him a party to the issue in proving the will. The fact that if he should be appointed executor he might, in the discretion of the probate court, receive suitable compensation for his services, does not disqualify him as a witness. 30 Am. & Eng. Enc. (2d Ed.) 605. In the case of Pitzl v. Winter, 96 Minn. 499, 105 N. W. 673, 5 L. R. A. (N. S.) 1009, cited by appellants, there was no question made that the witness was not interested in the event of the proceeding. It was, however, claimed that the executor might waive the disqualification of the witness; but the court, one justice dissenting, held that he could not— a conclusion not inconsistent with the one we have reached in the case at bar.

Judgment affirmed.