## EMMA M. BAXTER v. BRINTON C. BAXTER.[1]

February 9, 1917.

Nos. 20,145—(247).

**Will — execution — special verdict approved.**

1. The evidence sustains the special verdict to the effect that the instrument presented for probate was signed by testator in the presence of two persons, who duly attested the execution of the same as testator's last will and testament and subscribed their names as such witnesses.

**Same — instructions.**

2. The error assigned upon the charge of the court is not well taken.

Emma M. Baxter, an executrix named therein, deposited with the probate court for Hennepin county the last will and testament of Stephen H. Baxter, deceased, and petitioned for its allowance. Brinton C. Baxter, a nephew of decedent, filed objections. From an order, Dahl, J., allowing the will, Brinton C. Baxter appealed to the district court for Hennepin county. The appeal was heard by Waite, J., who made findings and incorporated therein the affirmative answer of the jury to the question stated in the first paragraph of the opinion, and affirmed the decision of the probate court. From an order denying his motion for judgment in his

[1]Reported in 161 N. W. 261.

behalf notwithstanding the verdict or for a new trial, Brinton C. Baxter appealed. Affirmed.

*A. X. Schall, Jr.,* and *Deaton & Body,* for appellant.

*Selover, Schultz & Selover,* for respondent.

HOLT, J.

An instrument, Exhibit A, purporting to be the last will and testament of Stephen H. Baxter, deceased, was presented to the probate court of Hennepin county and was found to be his duly executed and attested last will. An appeal was taken to the district court. A special verdict was there rendered answering in the affirmative this question: "Was the instrument, Exhibit A, signed by Stephen H. Baxter, and attested and subscribed in his presence by two competent witnesses?" Thereupon the court made findings embodying the special verdict; and also finding that the testator was of sound mind and disposing memory; that the execution of Exhibit A was not procured by duress, fraud or undue influence; and that said instrument was the last will and testament of Stephen H. Baxter. The conclusion of law was an affirmance of the judgment of the probate court admitting the document to probate as the last will and testament of said Baxter.

The only questions raised on the appeal relate to the sufficiency of the evidence to sustain the special verdict of the jury, and to the court's charge on that issue. The signature of testator is not disputed. The difficulty, according to appellant, is with the testimony of the attesting witnesses. One of these, Mrs. Crocker, was an elderly lady, living in the same flat building wherein Baxter lived. She was called from her household work to be a witness. She testified she knew that her signature was affixed as a witness to the will of Stephen H. Baxter, and that she was requested to come into the room for that purpose. But she could not remember if, after she came into the room, any one requested her to sign as a witness. Nor could she recall that the testator or the other witness signed, nor even that either one was in the room. She remembers that the will was on a table, that some one was sitting by the table, and that she read part of the attestation clause on the will and signed thereunder. Miss Somerville, the other witness, was a young woman attending the telephone switchboard in the building. She testified that she saw

testator sitting at a small table with the will before him, she noticed the other witness in the room. She remembered Mrs. Emma Baxter to have asked her to sign the will as a witness, and that when she so did testator looked up and smiled. The other person, now living, who saw the transaction was the legatee, Mrs. Baxter. She testified that she procured the witnesses to come to the room for the purpose of attesting the will; that she and the two witnesses entered the room together where testator was sitting at a small desk or table upon which Exhibit A was lying; that testator signed the same in front of the witnesses; that she was standing somewhat behind them so that she did not exactly see the letters formed by testator's pen, but knew that he wrote his name; that thereafter the two witnesses, in the presence of all, signed as such; that she, just previously, told them the will was an instrument which the testator wished them to sign, and when she so stated to them, in testator's presence, he bowed and smiled. There is some evidence tending to show testator's hearing was somewhat impaired. We think the evidence, the substance of which we have now stated, justified the finding of the jury. Both witnesses knew that they came to attest and witness the execution of the last will of Stephen H. Baxter. That their memory failed to recall just what was said, or by whom, or any other fact in connection with their signatures appended to the will, does not require a conclusion that the will was not properly executed. The jury had a right to supply the missing links from other testimony, and from the inferences connected with the document itself and the attestation clause, which one witness remembers to have partly read, and from the fact that all knew and were fully aware of the business to be transacted and the part that both testator and each witness was to take therein. A will does not fail merely because the memories of the attesting witnesses fail. The jury could well find from the evidence that the man at the small table or desk was Stephen H. Baxter, and Exhibit A was the instrument before him; that Mrs. Crocker and Miss Somerville were called in at Mr. Baxter's request to attest and subscribe their names as witnesses to this instrument; that both witnesses knew the same to be his last will and testament; that he as well as they heard Mrs. Baxter say that he wished them to witness his signature to the will, which request he approved; that thereupon he signed it while both looked on, and that immediately while he was sitting there, and in his

presence and view, these witnesses subscribed their names as such. From such conclusions the jury could well find an execution of the will in conformity to the statute. Such determination does not conflict with the rule in Tobin v. Haack, 79 Minn. 101, 81 N. W. 758. Mrs. Baxter's testimony is quite clear that the witnesses performed the mental act of attestation, and there can be no dispute of the mechanical act of subscribing as witnesses. There was a valid execution under the rule stated. In re Allen's Will, 25 Minn. 39; Hennes v. Huston, 81 Minn. 30, 83 N. W. 439; Geraghty v. Kilroy, 103 Minn. 286, 114 N. W. 838; Madson v. Christenson, 128 Minn. 17, 150 N. W. 213, L. R. A. 1916C, 1214, Ann. Cas. 1916D, 110; In re Meurer's Case, 44 Wis. 392, 28 Am. Rep. 591; Allen v. Griffin, 69 Wis. 529, 35 N. W. 21; Flood v. Pragoff, 79 Ky. 607; Tilden v. Tilden, 13 Gray, 110. The attestation clause to this instrument, subscribed by the witnesses, recites all and more than the statute requires to make a valid attestation of a will. Neither of the subscribing witnesses undertook to deny the truth of any statement in that clause. Their testimony simply was that their recollection failed them as to certain of these statements. In New Jersey, where the rule as to execution of wills is perhaps more strict than here (Ludlow v. Ludlow, 35 N. J. Eq. 480), we, nevertheless, find this rule: "If the attestation clause is perfect, and shows on its face that all the forms required by the statute have been complied with, and the subscribing witnesses, when called, admit their signatures, but through defect of memory, or for any other reason, fail to testify to the due execution of the will, it may be established on the presumption arising from the attesting clause, unless there be affirmative evidence given to disprove its statements." McCurdy v. Neall, 42 N. J. Eq. 333, 7 Atl. 566, restating the rule of Allaire v. Allaire, 8 Vroom, 312.

Appellant cites and quotes from a number of authorities holding this will not entitled to probate upon the proof adduced. We have examined them all, but do not deem any of them go to the length of requiring this special verdict to be set aside. They are cases where it was either found, or else the proof was conclusive, that the testator did not sign in the presence of witnesses, or else, where not so signing in their immediate presence, he failed to point out and declare to them his signature already made, or where the finding or proof was of like character in respect to the

failure of one or more of the requisite witnesses to attest and subscribe as such in his presence.

We fail to see the inconsistency complained of in these two paragraphs of the charge:

"The attestation of a will is the coming in of a witness who receives evidence that the will or the paper is the will of the testator  *   *   * and the testator must be conscious of the fact that the person is there as a witness to his act in making the will. These two elements come in in the making of a valid attestation or witnessing of a will.

"Now, in order to constitute the attestation a valid one the testator must either sign the will in the presence of the witnesses or acknowledge his signature to them, or in some way clearly and adequately indicate to them that he has signed and executed the same. That may be done in these different ways: He may sign it and these people may be looking on; he may say to them this is my signature, or there may be something else that was said, some sign or other evidence that he intended to let these people know that he had written his name on this document, that it was his will, and that he wanted them to write their names as witnesses to that effect."

The first explains that attestation includes two elements, a recognition by the witnesses that they are to attest testator's will and a consciousness of the latter of that fact. The second paragraph gives concrete illustrations, in the usually apt and clear language of the learned trial judge, of how this recognition and consciousness may be manifested. We find no error in the record.

The order must be affirmed.