# IN RE ESTATE OF BODIL LARSON, DECEASED.[1]

## AAGE HANSON v. HANNAH HANSON.[1]

January 10, 1919.

No. 21,020.

**Will — undue influence — evidence.**

1. This is a contested will case. The evidence sustains a finding that the testatrix had sufficient mental capacity to make a will and was not subject to undue influence.

**Same — what constitutes a valid signing.**

2. A signature to a will, imperfectly made, is a valid legal signature, if the name can without difficulty be made out, and it is written by the testatrix voluntarily and with knowledge of the fact that she is signing a will.

**Same — attestation by witnesses within view of testatrix.**

3. There is evidence, that immediately after the testatrix signed the will, the witnesses subscribed their names in a room adjoining the one in which the testatrix lay in bed and but a few feet from her; that the view was unobstructed and that the act of signing could be plainly seen by testatrix if she looked. *Held,* sufficient proof that the witnesses subscribed in the presence of the testatrix, whether she actually saw them sign or not.

**Same — attestation.**

4. This was also sufficient attestation. Attestation presupposes an execution of the will or an acknowledgment of it in the presence of the witnesses and a publication of the will as such, and it certifies to the facts necessary to constitute execution and publication. But formality in such matters is not required.

Aage Hanson petitioned the probate court for Douglas county for the allowance of the last will and testament of Bodil Larson, deceased. Hannah Hanson filed objections to the allowance of the will. From the order of the probate court disallowing the will, petitioner appealed to the district court for that county. The appeal was heard before Roeser, J.,

[1]Reported in 170 N. W. 348.

who made findings and reversed the order of the probate court. From the judgment ordering that the proposed will of Bodil Larson be allowed, Hannah Hanson appealed. Affirmed.

*Constant Larson* and *Gunderson & Leach,* for contestant.

*W. F. Donohue,* for respondent.

HALLAM, J.

1. Bodil Larson, 78 years old, died at Alexandria, Minnesota, March 17, 1917. She had been married and divorced. Her only child died some years before. Appellant, a sister, was the nearest relative surviving. The sisters had evidently become estranged. Respondent is a married man about 35 years old. Both he and deceased were natives of Denmark. When respondent was a boy on a farm, deceased knew him well. In 1916 deceased was living alone. She had considerable property and she conceived the idea of having some one come to live with her to take care of her in her old age under a promise of remembrance in her will. She proposed such an arrangement to a neighbor. She told him that "those that came and took care of her would have all that she had because * * * her relatives should not have a thing; she would rather dig it down." In June, 1916, respondent was living on a farm in Wisconsin. Deceased wrote him as follows: "I wish you and your wife would come and stay with me. I cannot live alone any longer. * * * The folks that comes and stays with me shall be owner of everything I have after my death. * * * How I would be glad if you and your wife would come. I have known you for so many years and you are Dane so I can talk with you." After some correspondence, respondent went to Alexandria and arranged to accept her proposition and in November, 1916, moved his family to Alexandria and went to live with deceased. Later she deeded her real estate to him, with an agreement on his part to support her during her life. On March 12, 1917, she undertook to make a will giving to respondent all her personal property and money amounting to several thousand dollars. The probate of this will is contested in this proceeding. The probate court disallowed the will; the district court allowed it; contestant appealed.

The briefs raise the question of mental capacity and undue influence.

There is ample evidence to sustain the finding of the court adverse to contestant on both points.

2. The questions most urged on the oral argument, were: First, that the will was not properly signed; and, second, that it was not properly attested.

We think the will was properly signed. The will was prepared in the forenoon and handed to deceased before noon. She was then sitting up in bed. She had it with her until about four o'clock. Then the two witnesses came to her home and the will was shown to them. As they entered the room respondent handed her back the will on a book. One witness testified that respondent said: "Here are the witnesses to the will now." The other witness testifies that respondent said: "Now the witnesses are here; now we are ready to sign the will." On cross-examination he testified that respondent said: "Now we are ready to sign. Are you willing to sign it?" All agreed that deceased answered simply "Ya." She was sitting up in bed supported by pillows. The signature, such as it is, was written by her with only this assistance: Respondent took hold of her sleeve when she started to write. He did not take hold of her hand nor help her form any of the letters. The signature cannot well be reproduced here, but we have carefully examined it. It is somewhat imperfect. Some letters are indistinct and imperfectly formed, but the name can without difficulty be made out. We pronounce it a real and sufficient signature of the testator's name and there is sufficient evidence that she made the signature voluntarily and that she was conscious of the fact that she was signing her name to her will.

3. The other question is, was the will properly attested? After deceased signed the will, the witnesses took it to an adjoining room, laid it on a table, and there subscribed their names as attesting witnesses. There was an open door between these two rooms. The door was on the north side of the bedroom. The bed stood near the north wall. The foot of the bed was to the west and came close to the east side of the doorway. The table in the other room stood close to the opposite side or west side of the doorway. Had the parties all been in one moderately sized room they might have easily been farther apart. There is some conflict in the evidence, but there is ample evidence that the view was unobstructed, and that, in the position in which deceased lay in bed, she could

see the witnesses sign, if she looked, and some evidence that she was in fact looking that way.

After the will is signed by the testator it must be "attested and subscribed in his presence" by the witnesses. G. S. 1913, § 7250. The words "in his presence" mean what those simple words mean in their common use. They mean that the witnesses must be in the testator's immediate and conscious presence. In re Allen's Will, 25 Minn. 39, 40. It is not necessary that the parties be in the same room. Cunningham v. Cunningham, 80 Minn. 180, 83 N. W. 58, 51 L.R.A. 642, 81 Am. St. 256. If they are in plain sight and within easy conversing distance, they are in the same presence though in different rooms. It is not necessary that the testator should literally see the witnesses sign. Cunningham v. Cunningham, 80 Minn. 180, 83 N. W. 58, 51 L.R.A. 642, 81 Am. St. 256; In re Allred's Will, 170 N. C. 153, 86 S. E. 1047, L.R.A. 1916C, 946, Ann. Cas. 1916D, 788. The court found in substance that the facts of this case met the foregoing requirements. There is sufficient evidence to sustain the finding.

4. Attestation signifies more than the mere signing of a name. It presupposes execution of the will in the presence of the witnesses or acknowledgment to them of its execution, and a publication of a will as such by the testator, and it certifies to the facts necessary to constitute such execution and publication. Tobin v. Haack, 79 Minn. 101, 81 N. W. 758. But formality is not required; if it were, few wills would pass muster. Where a testatrix has had possession of the will, and has examined it, and is told that persons arriving are to be witnesses to the will, and she expresses assent and signs the will in their presence, and the witnesses, then, immediately and in her presence, subscribe their names as witnesses, there is sufficient execution and publication and attestation.

Judgment affirmed.