267 Minn. 381 (1964)
126 N.W.(2d) 784
IN RE ESTATE OF E.G. CARLSON.
CARL E. CARLSON
v.
MADGE STOVER.
No. 38,869.
Supreme Court of Minnesota.
March 6, 1964.
Madge Stover, pro se, for appellant.
Ryan & Ryan, for respondent.
PER CURIAM.
This is an appeal from a judgment refusing to accept for probate an instrument dated November 11, 1958, purporting to be the last will of Eric Gustav Carlson.
The decedent, a bachelor, died at the age of 74, a resident of Aitkin County, leaving as heirs two brothers, Allan Carlson and objector *382 respondent, Carl E. Carlson. The proponent appellant, Madge Stover, also known as Madge Mattson, offered the following instrument for probate:
 "Nov. 11, 1958
"Know all Men, that I., E.G. Carlson Being of Sound Mind and Health. Do hereby, (in Case of my Death) Bequeth, [sic] all of my earthly Possessions To Madge Mattson, Who has been wondeful [sic] in helping us. By Cooking the Meals and taking care of all the Household Chores. Als [sic] to her 2 nice Children. Who have also been of great Help
"Signed "Eric Gustav Carlson
 "Bill Stover
 "Cynthia Stover"
The purported will was admitted by the probate court and an appeal taken to the district court where proponent appeared pro se. The trial court held that she had failed to sustain her burden of proving its due execution. The order of the probate court was reversed and the instrument disallowed as decedent's last will.
Minn. St. 525.18, subd. 1, governing the execution of wills, provides as follows:
"Every person of sound mind, not a minor, may dispose of his estate, or any part thereof, or any right or interest therein, by his last will in writing, signed by him or by some person in his presence and by his express direction, and attested and subscribed in his presence by two or more competent witnesses."
The subscribing witnesses are the minor children of the proponent, Madge Stover. On November 11, 1958, Bill Stover was 15 years of age. At the trial he testified that he was present and observed Eric Carlson draft and sign in his own handwriting the disputed instrument. His mother and sister were also present. Cynthia, who was 14 when the instrument was signed, corroborated her brother. Mrs. Stover testified that the purported will was written in her presence and in the presence of her two children and that she retained it in her possession *383 until after the death of the testator. It is conceded that the instrument was drafted in decedent's handwriting.
In the absence of either testimony that the instrument of November 11, 1958, was signed by the subscribing witnesses in the presence of the decedent or an attestation clause which recites execution of the instrument in accordance with this provision of the statute, we hold that the findings of the trial court must be sustained. Under the law of Minnesota, if there is an attestation clause regular in form and the signatures of the testator and witnesses are genuine, there is a presumption of due execution which contestants have the burden of overcoming. In re Estate of Holden, 261 Minn. 527, 533, 113 N.W. (2d) 87, 92; Lott v. Lott, 174 Minn. 13, 18, 218 N.W. 447, 449. Where, as here, there is neither extrinsic evidence that the purported will was properly attested nor any recitation to that effect in the instrument, its execution is deemed fatally defective.[1]
The judgment of the district court is affirmed.
NOTES
[1] Baxter v. Baxter, 136 Minn. 59, 62, 161 N.W. 261, 263; Tobin v. Haack, 79 Minn. 101, 106, 81 N.W. 758, 761; In re Estate of Larson, 141 Minn. 373, 376, 170 N.W. 348, 349; Kroschel v. Drusch, 138 Minn. 322, 325, 164 N.W. 1023, 1024.