**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-2112**

In re the Estate of
Esther Caroline Sullivan, Decedent.

**Filed August 17, 2015**
**Affirmed**
**Cleary, Chief Judge**

Koochiching County District Court
File No. 36-PR-14-218

Daniel L. Griffith, Griffith Law Office, International Falls, Minnesota (for appellant Joseph Scott VanHale)

Steven M. Shermoen, International Falls, Minnesota (for respondent Tara Jean Johnson)

Considered and decided by Hudson, Presiding Judge; Cleary, Chief Judge; and Schellhas, Judge.

**S Y L L A B U S**

A "revocatory act on the will" under Minn. Stat. § 524.2-507 (2014) must be performed on a will executed according to statutory formalities.

**O P I N I O N**

**CLEARY**, Chief Judge

Appellant and respondent collectively offered three purported wills into probate. The district court admitted a will validly executed in 2006. The district court denied probate for two documents presented by appellant that did not comply with statutory

formalities. The district court also held that the 2006 will was not revoked by a revocatory act on a photocopy. We affirm.

## FACTS

The testator Esther Caroline Sullivan executed a will on January 19, 2006 ("2006 will"), and filed it with court administration. Two witnesses and a notary public signed the 2006 will, which listed respondent Tara Jean Johnson as the testator's personal representative. The 2006 will devised 50% of testator's property to Johnson and only a contingent share to appellant Joseph Scott VanHale. Johnson is a former employee of the testator, and VanHale is the testator's grandson.

On October 11, 2008, the testator allegedly made alterations by crossing off phrases on a photocopy ("2008 photocopy") of the 2006 will and adding handwritten words. The testator allegedly wrote initials next to each alteration and signed and dated the bottom of each page. The testator allegedly wrote on top of the 2008 photocopy, "[t]he Will dated January 19, 2006 is void and to be replace[d] with this and all written in changes." The testator changed the personal representative from Johnson to VanHale in the 2008 photocopy.

On October 30, 2010, the testator allegedly attempted to execute another will ("2010 document") using a downloaded form and completing provisions by hand. She allegedly appointed VanHale as personal representative and devised to VanHale "all [her] property and belonging[s] after [her] debts are payed." VanHale was named the testator's sole beneficiary in the 2010 document.

2

The parties offered the three purported wills into probate. VanHale contended that the 2010 document was a valid will, while Johnson argued that the 2006 will was valid. The district court held that the 2008 photocopy and 2010 document were invalid because they did not comply with will formalities. The court further held that the testator arguably intended to revoke the 2006 will, but did not successfully "revoke with a properly executed document." The district court applied the doctrine of dependent-relative revocation because of the testator's intent to revoke the 2006 will and admitted it into probate.

**ISSUES**

I.      Did the testator validly revoke the 2006 will under Minn. Stat. § 524.2-507?

II.      Did Johnson have a fiduciary duty to the testator?

**ANALYSIS**

**I.**

VanHale argues that the testator revoked the 2006 will through the changes made on the 2008 photocopy. VanHale also urges us to admit the 2010 document into probate based on the testator's intent, even though the document failed to comply with formalities.

In relevant part, for a will to be valid it must be (1) in writing, (2) signed by the testator, and (3) signed by at least two individuals within a reasonable time after witnessing the signing of the will. Minn. Stat. § 524.2-502 (2014). The testator must strictly comply with the statutory formalities in order to execute a valid will. *In re Ludwig's Estate*, 79 Minn. 101, 106, 81 N.W. 758, 760-61 (1900).

3

Minnesota law provides that a will can be revoked in two ways:

> (1) by executing a subsequent will that revokes the previous will or part expressly or by inconsistency; or
> (2) by performing a revocatory act on the will, if the testator performed the act with the intent and for the purpose of revoking the will or part or if another individual performed the act in the testator's conscious presence and by the testator's direction. For purposes of this clause, "revocatory act on the will" includes burning, tearing, canceling, obliterating, or destroying the will or any part of it. . . .

Minn. Stat. § 524.2-507(a).

On appeal from a probate court's decision, "findings of fact will be disturbed only if clearly erroneous." *In re Estate of Torgerson*, 711 N.W.2d 545, 550 (Minn. App. 2006), *review denied* (Minn. June 20, 2006). Whether a will is executed in a manner prescribed by statute is a question of fact. *Johnson v. Heltne*, 298 Minn. 187, 191, 214 N.W.2d 224, 227 (1974). But the interpretation of a statute is a question of law, which we review de novo. *Lee v. Lee*, 775 N.W.2d 631, 637 (Minn. 2009).

## A.

The district court found that the writing on the 2008 photocopy did not revoke the 2006 will. VanHale argues that the testator's intent to revoke the 2006 will was clear, and that this court should honor that intent even though the revocatory act was done on a photocopy.

As an initial matter, no one witnessed the testator sign the 2008 photocopy, and the district court correctly held that it was not a valid will under Minn. Stat. § 524.2-502. *See Theis v. Theis*, 271 Minn. 199, 206, 135 N.W.2d 740, 745 (1965) (holding that subsequent revocatory will must be executed with formalities, including witnesses).

The main issue for us to consider is whether the testator's alleged revocatory act on the 2008 photocopy was valid under Minn. Stat. § 524.2-507(a)(2). VanHale cites *In re Nelson's Estate*, 183 Minn. 295, 298, 236 N.W. 459, 461 (1931), for the proposition that this court should look to the testator's intent in determining if a revocatory act is valid. VanHale's arguments regarding intent are inapposite when considering whether the revocatory act must be performed on the original will or a photocopy. Moreover, VanHale fails to note that the valid revocatory act in *Nelson's Estate* was done on the original will, not a photocopy. 183 Minn. at 298, 236 N.W. at 461. VanHale has not cited any caselaw supporting his argument that a valid revocatory act can be performed on a photocopy of the will under section 524.2-507.

A "revocatory act on the will" means an act on a will executed according to statutory formalities.[1] Minn. Stat. § 524.2-502 requires that "a will must be" executed according to three formalities. Minn. Stat. § 524.2-502 (requiring a writing, the testator's signature, and two witnesses). Section 524.2-502 implies that a document not executed according to the statutory formalities is not considered a "will" for the purposes of Minnesota's Uniform Probate Code. Thus, when someone performs "a revocatory act on the will," the revocatory act must be on a will executed under Minn. Stat. § 524.2-502.

---

[1] The definition of "will" in the probate code is not helpful in determining whether a will is the original document or a photocopy, but we must at least address the fact that the legislature attempted to define the term. A "will" is generally defined to "include[] . . . any testamentary instrument which merely appoints an executor or revokes or revises another will." Minn. Stat. § 524.1-201(58) (2014). In Black's Law Dictionary, a testamentary instrument shares the same definition as "will," which is a "legal expression of an individual's wishes about the disposition of his or her property after death." *Black's Law Dictionary* 1735 (9th ed. 2009). The circular definition of a will in the probate code does not clarify whether a will is the original document or a photocopy.

Our interpretation of Minn. Stat. § 524.2-507 is consistent with other jurisdictions that have adopted a similar provision of the Uniform Probate Code and considered the issue. *See In re Estate of Tolin*, 622 So.2d 988, 990 (Fla. 1993) (interpreting an earlier version of the Uniform Probate Code to require a revocatory act on an original will); *In re Estate of Stanton*, 472 N.W.2d 741, 747 (N.D. 1991) (holding that revocatory acts on a photocopy of the original will did not comport with statutory requirements); *Gushwa v. Hunt*, 197 P.3d 1, 6 (N.M. 2008) (same); *see generally* Minn. Stat. § 645.22 (2014) (stating that when courts construe uniform laws they should do so to "make uniform the laws of those states which enact them").

Policy reasons also favor a revocatory act on a will executed according to statutory formalities for two reasons: to adhere to the testator's wishes as closely as possible and to avoid substantial litigation based on potentially fraudulent changes on photocopies. For example, in this case the testator allegedly made three documents regarding the disposition of her estate. The testator validly executed the 2006 will and named Johnson the personal representative and beneficiary of 50% of her estate. The 2008 photocopy replaced Johnson with VanHale as a 50% beneficiary and personal representative of the estate, and it included a statement revoking the 2006 will. The 2010 document made VanHale the only beneficiary.

All three documents contradict each other. There is no other evidence in the record clarifying the testator's intent regarding the 2006 will. Perhaps the testator was simply making notes for a potential revised will on the 2008 photocopy and 2010 document, but eventually decided against revoking or revising the 2006 will. It is also

6

possible that the testator was unduly influenced or not competent when she allegedly wrote on the documents. Without witnesses or a revocatory act on the original will, we can only speculate as to the testator's intent. But speculation by this court would be inequitable to the testator and the clear wishes she expressed in her validly executed 2006 will.

A "revocatory act on the will" under Minn. Stat. § 524.2-507 must be performed on a will executed according to statutory formalities, not a copy thereof, for the revocation to be effective. The district court did not err by finding that the testator's alleged attempt to revoke the 2006 will was ineffective.

**B.**

VanHale next argues that the 2010 document is valid based on policy arguments. VanHale concedes that the 2010 document did not conform to statutory formalities, but insists that this court should ignore the formalities here to follow the testator's intent. However, Minnesota statute and the supreme court both require strict compliance with the formalities in order to execute a valid will. *See* Minn. Stat. § 524.2-502 (stating a will "must" be executed with certain formalities); *Ludwig's Estate*, 79 Minn. at 106, 81 N.W. at 760 (same). The district court did not clearly err by finding that the 2010 document was not validly executed.

**C.**

The district court held that the testator did not revoke the 2006 will, but it nonetheless used the doctrine of dependent relative revocation to revive the 2006 will based on its finding that VanHale "arguably" intended to revoke it.

7

"When reviewing mixed questions of law and fact, we correct erroneous applications of law, but accord the district court discretion in its ultimate conclusions and review such conclusions under an abuse of discretion standard." *Porch v. Gen. Motors Acceptance Corp.*, 642 N.W.2d 473, 477 (Minn. App. 2002) (quotation omitted), *review denied* (Minn. June 26, 2002).

The district court relied on *In re Anthony's Estate*, 265 Minn. 382, 390, 121 N.W.2d 772, 778-79 (1963) to apply the doctrine of dependent relative revocation. But in *Anthony's Estate*, the supreme court held that dependent relative revocation generally applies in situations where a testator revokes a valid will with the intent to replace it with a second will, but for some reason (such as lack of formality) the second will is inoperative, and the court revives the first will to avoid sending the estate into intestacy. 265 Minn. at 390, 121 N.W.2d at 778-79. Here, the testator never revoked the 2006 will, and the district court therefore erroneously applied dependent relative revocation to revive it. We nonetheless affirm because the district court correctly admitted the 2006 will into probate. *See Katz v. Katz*, 408 N.W.2d 835, 839 (Minn. 1987) ("[W]e will not reverse a correct decision simply because it is based on incorrect reasons.").

## II.

VanHale finally alleges that Johnson breached a fiduciary duty by allegedly witnessing the signing of the 2010 document and offering the 2006 will for probate, against the testator's intent. VanHale did not develop the fiduciary-duty argument by citing any relevant caselaw, and the district court did not address the argument in its order. We decline to review the fiduciary-duty issue that the district court did not

8

address.  *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that this court will not address matters not argued to or considered by the district court).

# D E C I S I O N

Because a "revocatory act on the will" must be performed on a will executed according to statutory formalities, and the testator did not perform a revocatory act on the properly executed will or execute a subsequent will, we affirm.

**Affirmed.**