*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1127**

In re the Estate of Roger Abrahamson, Deceased.

**Filed May 13, 2024
Affirmed
Ede, Judge**

Anoka County District Court
File No. 02-PR-21-380

Timothy R. Maher, Joseph D. Kantor, Guzior Armbrecht Maher, St. Paul, Minnesota (for appellant Michelle Stark)

George R. Serdar, Jacklyn R. Vasquez, Messerli & Kramer P.A., Minneapolis, Minnesota (for respondent Homeward Bound, Inc.)

Philip R. Schenkenberg, O. Joseph Balthazor Jr., Taft Stettinius & Hollister LLP, Minneapolis, Minnesota (for respondent Union Gospel Mission Twin Cities)

Considered and decided by Reyes, Presiding Judge; Ede, Judge; and Smith, John, Judge.[*]

**NONPRECEDENTIAL OPINION**

**EDE**, Judge

Appellant challenges the order admitting decedent's will to probate, arguing that the district court erred by finding that the will was validly executed. We affirm.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

This appeal arises from the admission of decedent Roger Abrahamson's will to probate following his death in January 2021. Respondents Homeward Bound Inc. and Union Gospel Mission Twin Cities (Union Gospel) are charitable organizations that are beneficiaries of the will. Appellant Michelle Stark (née Abrahamson) is Abrahamson's daughter and sole surviving child.

In May 2021, Homeward Bound petitioned to formally probate Abrahamson's will. The three-page document gives Abrahamson's home to Homeward Bound, his U.S. Bank accounts and a pension to Union Gospel, and a workers' compensation claim to Courage Center.[1] The will states, "Under no circumstance can Michelle Abrahamson, my daughter, break this will." As shown below, the third page contains: Abrahamson's undated signature; notary Reinhard Clausen's signature and notary stamp, dated December 3, 2013; and an indecipherable signature, dated December 4, 2013.

Stark objected to Homeward Bound's petition on the basis that the will was not validly executed and, in October 2021, petitioned for formal adjudication of intestacy.

---

[1] Courage Center was not involved in these proceedings.

After Homeward Bound and Stark could not agree on the appointment of a personal representative for the estate, the district court appointed Stark as the special administrator.

Stark moved for summary judgment, contending that Homeward Bound could not prove there were two witnesses to the will. The district court denied summary judgment, concluding that there were disputed material facts about whether there was a second signature, whether there was a second witness to the will, and whether the will encompassed all three pages.

In November 2022, Homeward Bound, Stark, and Union Gospel appeared at a hearing. Homeward Bound informed the district court that it had entered into a mediated settlement agreement with Stark and sought court approval. Union Gospel, however, was not part of the mediation or the settlement agreement. And, at the time of the mediation, an inventory of the estate had not been completed, and neither Homeward Bound nor Union Gospel were aware of the value of the estate's assets. As a result, the district court ordered Stark, as special administrator of the estate, to conduct an inventory.

The inventory valued the home at $250,000 and the estate's accounts at $197,631.31. Following the inventory, Union Gospel filed a petition to formally probate the will. The matter proceeded to an evidentiary hearing, held in February 2023. Homeward Bound's counsel appeared but did not participate in the hearing.

At the hearing, Stark moved for a directed verdict, asserting that there was no evidence about the second witness. After the district court denied that motion, Stark testified and presented testimony from a handwriting expert. Stark said that she did not know who may have made the indecipherable signature, that she last spoke with her father

in 2004, and that she received some letters from him "prior to his death." The handwriting expert testified that she did not know whether the indecipherable marking was, in fact, a signature, but she also said that "[i]t could be a stylized signature."

Union Gospel presented testimony from Clausen, who confirmed that he signed and notarized the will. Clausen said that he works at a UPS store, that Abrahamson came to the store regularly before his death, and that, although he did not remember the specifics of the interaction with Abrahamson, he would not have executed the document without watching Abrahamson sign. Clausen further testified that he remembered signing the third page of the will and that it bore his notary stamp. The district court received several exhibits, including a copy of the will, Union Gospel's response to requests for admissions, and an excerpt from the handwriting expert's report.

In June 2023, the district court admitted the will to probate. The district court found that the will did not comply with the requirements for a self-proved will. The district court nevertheless concluded that Union Gospel fulfilled the evidentiary requirements for a contested proceeding of a will that is not self-proved and that Union Gospel "met its burden of proof that the will was validly made and executed according to the statutes of Minnesota." The district court also directed Stark to file an accounting of her work for the estate.

Stark appeals.

**DECISION**

The interpretation of the Uniform Probate Code (UPC) presents a question of law that we review de novo. *See In re Est. of Tomczik*, 992 N.W.2d 691, 695 (Minn. 2023). But "[w]hether a will is executed in a manner prescribed by statute is a question of fact[,]" and "findings of fact will be disturbed only if clearly erroneous." *See In re Est. of Sullivan*, 868 N.W.2d 750, 752 (Minn. 2015) (quotation omitted).

To be validly executed, a will must be: (1) in writing; (2) signed by the testator; and (3) "signed by at least two individuals, each of whom signed within a reasonable time after witnessing either the signing of the will" by the testator "or the testator's acknowledgment of that signature or acknowledgment of the will." Minn. Stat. § 524.2-502 (2022). Under Minnesota law, the evidentiary requirements for contested proceedings are governed by Minnesota Statutes section 524.3-406 (2022). For wills that are not self-proved,[2] "the testimony of at least one of the attesting witnesses, if within the state competent and able to testify, is required." Minn. Stat. § 524.3-406(a). A will proponent has the burden to establish "prima facie proof of due execution." Minn. Stat. § 524.3-407 (2022).

Stark challenges the district court's order admitting the will to probate and its decision that the will was validly executed.[3] In particular, Stark argues: (1) that the district

---

[2] *See* Minn. Stat. § 524.2-504 (2022) (setting forth the requirements for a self-proved will). Minnesota Statutes section 524.2-504 was amended in 2023. 2023 Minn. Laws ch. 21, § 2, at 120-22. The 2022 version of the statute was in effect at the time of the district court's decision to admit the will to probate. The 2023 amendment does not affect the resolution of this case.

[3] Stark also argues that the district court erred by denying her motion for summary judgment. This court's review is limited to "the order from which the appeal is taken" and

court made clearly erroneous factual findings; and (2) that the district court misapplied the law by probating the will without extrinsic evidence about the second witness. We address each contention in turn.

### Finding of Due Execution

Stark argues that the district court's findings related to due execution were clearly erroneous. We are unpersuaded.

When reviewing for clear error, appellate courts (1) view the evidence in the light most favorable to the findings; (2) do not reweigh the evidence; (3) do not find their own facts; and (4) do not reconcile conflicting evidence. *See In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 221-22 (Minn. 2021). "When the record reasonably supports the findings at issue on appeal, it is immaterial that the record might also provide a reasonable basis for inferences and findings to the contrary." *Id.* at 223 (quotation omitted).

The district court found that Abrahamson, Clausen, and an unknown second witness signed the third page of the will, in compliance with the statutory requirements. *See* Minn. Stat. § 524.2-502. In so finding, the district court explained that "[t]he only reasonable conclusion is that the third page of the Will, which does contain the designated witness signature areas, is a necessary and intended part of the overall document." The district court also noted that "the third page of [the will] cannot reasonably be interpreted as a standalone

---

"any order involving the merits or affecting the judgment." Minn. R. Civ. App. P. 103.04. Because the district court denied summary judgment based on disputed material facts, which were resolved following the evidentiary hearing, the denial of summary judgment does not affect the order admitting the will to probate. *See Bahr v. Boise Cascade Corp.*, 766 N.W.2d 910, 918 (Minn. 2009). As a result, the denial of summary judgment is not within the scope of our review. *See id.*

document" and that "Abrahamson's directive that his daughter Michelle Abrahamson (now known as 'Michelle Stark') not 'break this will' supports an interpretation that all three pages taken together make up 'this will,' as a single testamentary instrument." The district court further explained that, based on the location of the signature "under the word 'Witness' and to the left of a date," the visual evidence strongly suggested "that the individual who made the marks on the third page intended to make a signature." The district court found that "Abrahamson purposefully sought out Clausen to witness the Will on December 3, 2013" and that "[t]he inferences drawn from the document suggest that Abrahamson understood he needed a second signature and obtained a second signature the following day."

We discern no clear error in the district court's well-reasoned findings, which are fully supported by the record. *See Kenney*, 963 N.W.2d at 223. Stark's contrary assertions—that only the third page with the signatures was not part of the will and that a second witness did not sign the will—require reweighing the evidence and adopting alternative inferences, which we may not do. *See id.* We therefore reject Stark's argument that the district court clearly erred in finding that the will was validly executed.

***Extrinsic-Evidence Requirement***

Stark next argues that the district court misapplied the law by probating the will without extrinsic evidence of the second witness. We disagree.

Stark first challenges the district court's determination that Union Gospel satisfied the evidentiary requirements for a contested proceeding under Minnesota Statutes section 524.3-406(a) by presenting Clausen's testimony. Stark relies on two Minnesota cases—

7

*Carlson v. Stover*, 126 N.W.2d 784, 785 (Minn. 1964), and *In re Larson's Estate*, 73 N.W. 966, 967 (Minn. 1898)—to argue that a will proponent must provide extrinsic evidence about both witnesses at a contested proceeding. Both *Carlson* and *Larson's Estate*, however, were decided before Minnesota adopted the UPC, and those cases applied statutes with different requirements for contested will proceedings than at issue here. *See* Minn. Stat. § 525.24 (1961) (providing that, for contested hearings, "all the subscribing witnesses who are within the state and competent and able to testify shall be produced and examined"); Minn. Gen. Stat. § 4436 (1894) (requiring testimony from an attesting witness "that such will was executed according to law, and that the testator had testamentary capacity"). As a result, both *Carlson* and *Larson's Estate* are inapposite to this proceeding. The district court did not err by deciding that Clausen's testimony satisfied the evidentiary requirements for a contested proceeding. *See* Minn. Stat. § 524.3-406(a).

Stark also asserts that the district court improperly treated the will as self-proved, given the lack of extrinsic evidence about the second witness. For self-proved wills, "compliance with signature requirements for execution is conclusively presumed." Minn. Stat. § 524.3-406(b). A conclusive presumption "cannot be overcome by any additional evidence or argument," and thus courts must conclude that a signature is valid even if there is affirmative evidence that a witness did not comply with the statute. *See In re Est. of Zeno*, 672 N.W.2d 574, 577-78 (Minn. App. 2003) (quotation omitted). But the district court's thorough and reflective order does not suggest that it applied such a presumption. To the contrary, the district court found that the will did not qualify as a self-proved will and instead noted that "the location of the mark, the date next to it, and the use of a second

8

pen all support the Court's conclusion that the second pen markings were a valid signature *barring evidence to the contrary*."[4] The district court therefore determined that Union Gospel "met its burden of proof that the Will was validly made." (Emphasis added.) We conclude that the district court did not err by considering the will's contents, along with the other evidence presented at the evidentiary hearing, in deciding that the will was validly executed.

In sum, the district court did not clearly err by finding that the will was duly executed and did not misapply the law by admitting Abrahamson's will to probate without extrinsic evidence about the second witness.[5]

**Affirmed.**

---

[4] Stark's reliance on *In re Estate of Brooks*, 927 P.2d 1024 (Mont. 1996), a case from another UPC jurisdiction, is misplaced. In *Brooks*, there was affirmative evidence that the will was not validly executed because one purported witness did not comply with the relevant statutory requirements. *See Brooks*, 927 P.2d at 1027. As a result, *Brooks* is distinguishable and does not suggest that the UPC requires extrinsic evidence about both witnesses to probate a will. Moreover, although "Minnesota courts *may* give weight to [other states'] interpretations of a uniform law[,]" their "interpretations of a uniform or similar law are not binding[.]" *In re Estate of Holmberg*, 823 N.W.2d 875, 880 (Minn. App. 2012) (emphasis added).

[5] Stark also argues that the district court erred by discussing her fiduciary duties as special administrator of the estate in the portion of the order directing her to file an accounting. But the district court did not rule that Stark breached any fiduciary duties, and Stark does not dispute the district court's decision to order an accounting or its authority to do so. We therefore decline to address Stark's challenge to the district court's discussion of Stark's potential breach of fiduciary duties, as it is premature. *See Growe v. Simon*, 2 N.W.3d 490, 499-500 (Minn. 2024) (explaining that appellate courts "decide present problems, not hypothetical ones" because "[i]ssues which have no existence other than in the realm of future possibility are purely hypothetical and are not justiciable" and "[s]uch issues are not ripe for adjudication" (quotation omitted)).