**In re ESTATE OF Leantha ZENO, Deceased.**

**No. A03–226.**

Court of Appeals of Minnesota.

Dec. 16, 2003.

Sally K. Mortenson, Apple Valley, MN, for appellant Joseph Moore.

Ronald J. Riach, Franke & Riach, P.A., Shoreview, MN, for respondent.

Considered and decided by HALBROOKS, Presiding Judge, MINGE, Judge, and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.*

Appellant, decedent's grandchild and the sole beneficiary under her will, seeks review of a trial court order denying him informal probate of the will on the ground that it was not properly executed. Respondent furnished evidence to the court that the witnesses did not see the signing of the will or the testatrix's acknowledgment of her signature or her acknowledgment of the will. Because the execution requirement at the root of the trial court's holding is one of "statutory signature" requirements for execution of a self-proved will, the integrity of which is conclusively presumed by statute, we reverse and remand.

## FACTS

On March 12, 1993, Leantha Zeno executed a will. The contents of the will provided that appellant Joseph Moore, one of Zeno's nine grandchildren, was the sole beneficiary of her estate. The will was prepared and notarized by an attorney, and the lawyer's wife and daughter-in-law signed as witnesses. The witnesses and Zeno also executed a paragraph pursuant

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

to Minn.Stat. § 524.2–504, which purported to make the will a self-proved will.

Zeno died in May 2002, the will was subsequently filed with the Ramsey County Probate Court, and appellant was informally appointed personal representative of Zeno's estate. Shortly thereafter, respondent Amy Moore, Zeno's granddaughter, filed a petition for formal adjudication of intestacy, contending that the will was invalid because it was not properly executed.

At the hearing, the scrivener's daughter-in-law testified that at the time she signed the will as a witness, Zeno was not present. This witness stated that Zeno was in office space the lawyer maintained in his home, which was not visible from the room where she and the lawyer's wife were sitting. This witness testified that the lawyer brought the will into the room occupied by the two witnesses and that they signed the will despite not having seen her signatures, heard her acknowledgement of either her signature or the will, or even having met Zeno. This witness also testified that the lawyer did not notarize the document in her presence, and that the witnesses were not present at any time when the attorney discussed any provisions of the will with Zeno. The essence of this testimony was confirmed in an affidavit of the lawyer's wife.

Based on the evidence presented at the hearing, the trial court determined that the purported will did not meet the requirements of Minn.Stat. § 524.2–502 (2002) because it was not signed in the presence of the witnesses, nor did Zeno acknowledge her signature to the witnesses. The court granted the petition for intestacy and appointed respondent as personal representative of the estate. This appeal followed.

## ISSUE

Did the trial court err by denying appellant's informal probate of decedent's will on the ground that the instrument was not properly executed?

## ANALYSIS

■ Appellant argues that the trial court erred by denying his application for informal probate because, as a self-proved will under Minn.Stat. § 524.2–504 (2002), the will is presumed to comply with the execution requirements for admission to probate and must be admitted absent evidence of fraud or forgery pursuant to Minn.Stat. § 524.3–406(b) (2002). Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998).

The requirements for the proper execution of a will are set forth in Minn.Stat. § 524.2–502 (2002).[1] A will must be in writing and signed by the testator or signed by somebody else at the testator's direction. Minn.Stat. § 524.2–502(1), (2). The statute further provides that a will must be:

signed by at least two individuals, each of whom signed within a reasonable time after witnessing either the signing of the will as described in clause (2) or the testator's acknowledgement of that signature or acknowledgement of the will.

Minn.Stat. § 524.2–502(3). Pursuant to Minn.Stat. § 524.2–504, a will becomes a self-proved will by the inclusion in the will

---

1. Minn.Stat. §§ 524.2–502 and –504 were amended in 1996. Both sections state that the 1996 versions of the statutes apply to any wills of decedents dying on or after January 1, 1996. Because Zeno executed the will in 1993 but died in 2002, both sections, as amended in 1996, are applicable in this case. The 2002 versions of these statutes are identical to the 1996 versions.

of paragraphs signed by the testator and witnesses and properly notarized. Another statute declares the legality of a self-proved will:

> If the will is self-proved, compliance with signature requirements for execution is conclusively presumed and other requirements of execution are presumed subject to rebuttal without the testimony of any witness upon filing the will and the acknowledgment and affidavits annexed or attached thereto, unless there is proof of fraud or forgery affecting the acknowledgment or affidavit.

Minn.Stat. § 524.3–406(b) (2002).

At issue here is whether the witnessing requirements under Minn.Stat. § 524.2–502 are "signature requirements for execution" under Minn.Stat. § 524.3–406(b). The trial court treated the witnessing requirements as "other requirements of execution" that are "presumed subject to rebuttal" under section 524.3–406(b). Specifically, the court observed that "while [the appearance of a self-proved will] raises the presumption of due execution, it is still a question of fact whether the will was executed in the manner required by law." The court concluded that the will in this case was invalid in light of the testimony of the witnesses.

■ We are satisfied, based on persuasive authorities, that the witnessing requirements under Minn.Stat. § 524.2–502(3) are signature requirements under Minn.Stat. § 524.3–406(b), that are conclusively presumed in the absence or proof that fraud or forgery has affected the testator's acknowledgment or witness's affidavit. The comment to Uniform Probate Code § 2–504 states that the signature requirements of a self-proved will may not be contested. Uniform Probate Code § 2–504 1998 advisory comm. note. More to the issue of this case, the comment to Uniform Probate Code § 3–406 states that the "conclusive presumption" noted in the statute would foreclose questions concerning whether the witnesses signed in the presence of the testator. Uniform Probate Code § 3–406 1998 advisory comm. note. A "conclusive presumption" is defined as a "presumption that cannot be overcome by any additional evidence or argument." *Black's Law Dictionary* 1204 (7th ed.1999).

■ Although not decided in Minnesota, the Nebraska Court of Appeals addressed this issue in *In re Estate of Stephens,* 9 Neb.App. 68, 608 N.W.2d 201 (2000).[2] In *Stephens,* the omitted beneficiary alleged that the trial court erred by finding that the will at issue was conclusively presumed to have been properly executed despite testimony by the witnesses that they did not recall the decedent signing the will in their presence. *Stephens,* 608 N.W.2d at 205. The appeals court stated that the legality of a self-proved rests on the formal appearance of execution requirements, either preceding the self-proving affidavit or as supplemental in the affidavit. *See id.* at 206 (stating that purpose of self-proved will is to expedite formal testacy proceedings). After noting the comments set forth in the Uniform Probate Code pertaining to Neb.Rev.Stat. § 30–2430(b), the court determined that the will met the requirements for a self-proved will, and that compliance with statutory signature requirements could not be challenged. *Id.* at 206–07. Because the evidence did not raise a genuine issue of material fact regarding fraud, forgery, or other proof that the decedent was unaware of the contents

---

**2.** It should be noted that requirements for the valid execution of a will and the requirements for a self-proved will in Nebraska are virtually identical to the requirements in Minnesota. Also, both Minn.Stat. § 524.3–406(b) and Neb.Rev.Stat. § 30–2430(b) were adopted verbatim from the Uniform Probate Code. *Stephens,* 608 N.W.2d at 206.

of the will, the court concluded that the will was properly executed. *Id.*

Here, appellant argues that the witnessing requirements set forth in Minn.Stat. § 524.2–502 are the signature requirements mentioned in Minn.Stat. § 524.3–406(b). In adopting this assertion, we primarily look to the plain meaning of the statutory provisions. *See* Minn.Stat. 645.16 (2002) (stating that where language of statute is clear and unambiguous, courts must give effect to plain meaning of that language). Minn.Stat. 524.2–502 provides that the valid execution of a will requires that a will be signed by the testator (or signed by somebody else at the testators direction), and signed by at least two witnesses within a reasonable time after witnessing the testator sign the will. Minn. Stat. 524.2–502(2), (3). Based on the plain language of the statute, we conclude that the contents of Minn.Stat. 524.2–502 are signature requirements for execution.

We also note that Minn.Stat. 524.3–406(b) provides a rebuttable presumption on other execution requirements, opening the door to a challenge that the decedent's will was not the fruit of his free competent judgment. *See Hartz Estate v. Cade*, 247 Minn. 362, 365, 77 N.W.2d 169, 171 (1956) (stating that will executed by incompetent is legally no more his will than if it were forged, and will secured by undue influence is as repugnant to law as will secured by fraud). And finally, making evident a rational approach of the law, the statute makes all of its presumptions vulnerable to other proof of fraud or forgery that affects the acknowledgment of the will or attached affidavits.

## DECISION

Because the will at issue contains the self-proving provisions contained in Minn. Stat. 524.2–504 and because signature requirements stated in that section are con-clusively presumed, questions concerning whether the witnesses signed in the presence of the testator are precluded. Because there was no evidence of fraud or forgery affecting the testatrix's acknowledgment or the attached affidavits, the trial court erred by denying appellants application for informal probate.

**Reversed and remanded.**