*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0231**

In re the Estate of: Lavonne Eleanor Kranz, Deceased.

**Filed January 16, 2024**
**Affirmed; motions denied**
**Bjorkman, Judge**

Anoka County District Court
File No. 02-PR-21-478

Alisa A. Gutierrez, Fridley, Minnesota (pro se appellant)

Ivory S. Umanah, Thomas E. Marshall, Engelmeier & Umanah, P.A., Minneapolis, Minnesota (for respondent Loren M. Irwin)

        Considered and decided by Ede, Presiding Judge; Bjorkman, Judge; and Kirk, Judge.[*]

**NONPRECEDENTIAL OPINION**

**BJORKMAN**, Judge

        Appellant challenges the summary judgment dismissing her petition for a formal adjudication of intestacy based on her claims of undue influence and lack of testamentary capacity in the creation of her mother's will. Appellant also filed three motions to supplement the record. We deny the motions. And because nothing in the record presents

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

a genuine issue of material fact regarding the validity of decedent's self-proved will, we affirm.

## FACTS

Appellant Alisa Ann Gutierrez is the daughter of decedent LaVonne Eleanor Kranz. Following decedent's death in April 2021, Gutierrez petitioned the district court for a formal adjudication of intestacy, alleging that decedent's July 2019 will is invalid because decedent lacked testamentary capacity following an early-2019 head injury and decedent's brother, respondent Loren Irwin, unduly influenced her. Irwin objected and petitioned for formal probate of the July 2019 will, which names Irwin as personal representative, leaves the estate to him, and declares that it intentionally makes no provision for Gutierrez or her brother.

In April 2022, the district court set trial for October and ordered the parties to complete discovery by July 1. In early June, Gutierrez sought to amend the scheduling order, stating that her attorney only recently received and began reviewing decedent's medical records. Based on the parties' agreement, the district court did so, retaining the July 1 discovery deadline but moving the trial to December and setting a new initial-disclosure deadline of September 30.

On September 14, Gutierrez filed "initial and expert disclosures," which stated that Gutierrez possessed decedent's "medical records" from several providers but did not disclose any. And it stated that Gutierrez's attorney had requested a medical report "in August, 2022 and expected to receive [it] last week," but had not. Gutierrez's disclosures

2

indicated that the healthcare providers informed her that they "were expediting the process," and that she would "immediately supplement" her disclosures upon receipt.

On September 23, Irwin moved for summary judgment. In support of the motion, Irwin submitted affidavits from the two subscribing witnesses to decedent's will. Both averred that decedent was of sound mind and not unduly influenced at the time she executed her will. Irwin also submitted a transcript of Gutierrez's deposition testimony, and the deposition exhibits: affidavits of decedent's friends and family attesting to decedent's sound mind and her poor relationship with Gutierrez, Gutierrez's "initial and expert disclosures," and a June 2019 medical assessment that decedent appeared safe to resume driving following her head injury earlier that year. And he included decedent's will, a July 2019 power of attorney authorizing Irwin to act on decedent's behalf, a July 2019 health-care directive naming Irwin as decedent's health-care agent, a July 2019 quitclaim deed transferring decedent's home to Irwin and retaining a life estate for decedent, and a February 2019 beneficiary designation naming Irwin as the sole beneficiary of decedent's investment and retirement accounts. A motion hearing was set for October 26.

Gutierrez did not file a written response to the summary-judgment motion or submit any evidence. Rather, on October 25, she moved for a continuance to secure medical opinion letters that her attorney had been working to obtain "since August, 2022," stating that they would help her "learn and know the truth" whether decedent had capacity when executing her will. She agreed to "drop her objection" if she had not obtained the letters by November 11 or if the letters opined that decedent had capacity.

3

When November 11 passed without any sign of the opinion letters Gutierrez referenced, the district court denied her motion for a continuance and granted Irwin summary judgment, dismissing Gutierrez's claims.

Gutierrez appeals.

**DECISION**

Summary judgment is proper if the moving party shows that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.01. When the nonmoving party bears the burden of proof on an issue, they must present admissible evidence "to permit reasonable persons to draw different conclusions." *Gradjelick v. Hance*, 646 N.W.2d 225, 231 (Minn. 2002); *see* Minn. R. Civ. P. 56.03(d) (requiring that affidavits opposing summary judgment set forth facts that would be admissible at trial). They may not "rely upon speculation to demonstrate the existence of a genuine fact issue." *Limberg v. Mitchell*, 834 N.W.2d 211, 219 (Minn. App. 2013) (quotation omitted). We review de novo whether there are genuine fact issues and whether the district court erred in applying the law. *In re Est. of Kinney*, 733 N.W.2d 118, 122 (Minn. 2007). In doing so, we view the evidence "in the light most favorable to the party against whom judgment was granted." *Id.*

In granting summary judgment, the district court (1) denied Gutierrez's motion for a continuance, and (2) determined that the record presents no genuine issues of material

fact and Irwin is entitled to summary judgment. Gutierrez appears to challenge both aspects of the district court's decision; we address each in turn.[1]

## I. The district court did not abuse its discretion by denying a continuance.

A party opposing summary judgment may ask the district court to deny or continue the motion if the party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Minn. R. Civ. P. 56.04. Under this rule, continuances should be liberally granted if the nonmoving party "has been diligent in obtaining or seeking discovery prior to its [continuance] motion, and seeks more discovery in good faith, rather than a mere fishing expedition." *Bremer Bank, Nat'l Ass'n v. Matejcek*, 916 N.W.2d 688, 696 (Minn. App. 2018). We review a district court's decision whether to continue a summary-judgment motion for an abuse of discretion. *Id.*

The district court denied Gutierrez's continuance motion for two independently sufficient reasons. First, the motion was untimely. Gutierrez was required to file any response to Irwin's motion 14 days before the hearing. Minn. R. Gen. Prac. 115.03(b).

---

[1] Gutierrez filed three motions to supplement the record with decedent's will and other estate-planning documents, decedent's death certificate, dozens of pages of decedent's medical records from January 2019 to February 2021, documents related to the October 2023 sale of decedent's home, and family photographs. The record on appeal consists of the documents and exhibits filed in the district court and any transcripts of the proceedings. Minn. R. Civ. App. P. 110.01. We have limited discretion to correct an erroneous omission from the record. Minn. R. Civ. App. P. 110.05; *K.S. A. v. Alyea*, 983 N.W.2d 455, 465 (Minn. App. 2022), *rev. denied* (Minn. Mar. 14, 2023). But we may not base our decision on matters outside the record on appeal and may not consider matters not produced and received in evidence below. *Thiele v. Stich*, 425 N.W.2d 580, 582-83 (Minn. 1988). Because the estate-planning documents and the death certificate are already in the record, and the district court did not have the benefit of any of the other documents, we deny the motions to supplement.

But she waited until the day before the hearing to seek a continuance. Second, the district court found, and Gutierrez does not dispute, that she was not diligent in pursuing discovery, waiting until after the discovery deadline to request what she deemed to be a necessary medical report. The court also noted that Gutierrez did not produce the report by November 11, as she proposed, which the district court reasoned "display[ed] a lack of good faith" and revealed the continuance request to be "a fishing expedition." On this record, we discern no abuse of discretion by the district court in denying Gutierrez's continuance motion.

## II. Irwin is entitled to judgment in his favor as a matter of law.

Irwin moved for summary judgment on the ground that the undisputed evidence shows decedent's will is valid. A will's validity is "self-proved" if it contains the testator's sworn and witnessed statement that they are an adult "of sound mind, and under no constraint or undue influence," and like statements from the witnesses. Minn. Stat. § 524.2-504 (2022); *see In re Est. of Zeno*, 672 N.W.2d 574, 577 (Minn. App. 2003). A person contesting a will bears the burden of proving lack of testamentary capacity or undue influence. *In re Est. of Torgersen*, 711 N.W.2d 545, 550 (Minn. App. 2006), *rev. denied* (Minn. June 20, 2006). A person lacks testamentary capacity only if, when making their will, they do not understand the nature and extent of their property and others' claims to it or cannot "form a rational judgment concerning them." *In re Congdon's Est.*, 309 N.W.2d 261, 266 (Minn. 1981) (quotation omitted). And undue influence means that "another person exercised influence at the time the testator executed the will to the degree that the

6

will reflects the other person's intent instead of the testator's intent." *Torgersen*, 711 N.W.2d at 550.

In support of summary judgment, Irwin submitted competent evidence that decedent executed before two witnesses a will that complies with the requirements of Minn. Stat. § 524.2-504. Gutierrez had the burden of coming forward with admissible evidence that creates genuine fact issues as to her claims that decedent lacked capacity to execute the will and was subject to undue influence. The record shows she did not do so.

Gutierrez's own deposition testimony, which Irwin submitted in support of his summary-judgment motion, does not create any material fact issues because it speaks only to Gutierrez's view of family conflicts, her awareness of decedent's head injury in early 2019, her strained relationship with decedent, the fact that she never saw decedent in person after June 2019, and her belief that the signature on decedent's July 2019 will was not decedent's because it was "really sloppy." The only medical evidence in the record reflects that decedent fell in early 2019 and suffered a head injury with accompanying "cognitive impairment." But by June—a month before decedent executed her will—doctors described decedent's prognosis as "excellent," and considered her mental acuity sufficiently restored so she could resume driving. As the district court explained, Gutierrez's unsubstantiated arguments regarding undue influence and lack of testamentary capacity amount to "no more than mere speculation or surmise" and, therefore, cannot defeat summary judgment. *See Limberg*, 834 N.W.2d at 219 (stating that speculation cannot establish genuine issue of material fact).

On appeal, Gutierrez contends that summary judgment is improper because she is personally aware of various concerning circumstances regarding decedent's care and well-being and she failed to present these circumstances to the district court only because her attorney "turned in no evidence." But the district court was bound to decide the summary-judgment motion on the record before it. *See* Minn. R. Civ. P. 56.03 (stating that movant must support summary-judgment motion with "materials in the record" and court may consider "other materials in the record" in deciding the motion). Moreover, the concerns that Gutierrez recites in her briefing echo those she voiced in her deposition, which was presented to the district court. None squarely address decedent's capacity or Irwin's influence on her at the time she executed her will. To the contrary, all available evidence, even when viewed in the light most favorable to Gutierrez, indicates that by July 2019, decedent had recovered from her head injury, continued to have a strained relationship with her children, and was of sound mind and acting independently when she chose to leave her estate to her brother rather than her children. Because this record presents no genuine fact issues material to Gutierrez's claims, Irwin is entitled to summary judgment.

**Affirmed; motions denied.**